UNITED STATES of America,
Plaintiff-Appellant,

v.

Dennis H. REVADA, Defendant-Appellee.

No. 77–1834.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 15, 1978.

Decided April 27, 1978.

Brent D. Ward, Asst. U. S. Atty., Salt Lake City, Utah (Ramon M. Child, U. S. Atty., and Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, on brief), for plaintiff-appellant.

Steven E. Clyde of Clyde & Pratt, Salt Lake City, Utah, for defendant-appellee.

Before BARRETT, BREITENSTEIN and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This appeal challenges the action of the trial court in granting a pretrial motion to dismiss an indictment charging Dennis H. Revada with illegally possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5841 and 5861(d). The basis of the motion was pre-indictment delay of approximately 21 months between the discovery of the weapon and the indictment by the grand jury.

■■■ The action of the district judge in the instant case must be measured by the legal principles enunciated in two Supreme Court decisions. The lodestar case on pre-indictment delay is *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). It was there held that the Sixth Amendment guarantee of a speedy trial does not commence until the indictment is entered. Also Fed.R.Crim.P. 48(b), treating unnecessary delay in presenting the charge to a grand jury or in bringing a defendant to trial, applies only to post-arrest delay. There appears no reliance upon either the Sixth Amendment or Rule 48(b) by defendant-appellee here. The motion for dismissal was heard and granted approximately 3½ months after the indictment, and no arrest was made by federal authorities until the day after the April 20, 1977, indictment was issued.

As to due process rights under the Fifth Amendment *Marion* cited with approval the fact that the Government conceded dismissal would be required "if it were shown at trial that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused." 404 U.S. at 324, 92 S.Ct. at 465. It was found that although there was a 38-month delay, the accused had not "alleged and proved" actual prejudice nor shown that the Government intentionally delayed for tactical advantage or to harass. 404 U.S. at 325, 92 S.Ct. 455.

■■ This Circuit has construed the *Marion* case as establishing a two-pronged due process test against which to measure pre-indictment delay.

[T]he rights of a defendant under the due process clause of the Fifth Amendment are not violated in the absence of a showing of actual prejudice resulting from the preindictment delay and that the delay was purposefully designed to gain tactical advantage or to harass the defendants.

*United States v. Beitscher*, 467 F.2d 269, 272 (10th Cir. 1972). *Accord, United States v. MacClain*, 501 F.2d 1006 (10th Cir. 1974); *United States v. Redmond*, 546 F.2d 1386 (10th Cir. 1977).

In the very recent case of *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) the Supreme Court confirms this interpretation and refines the principles announced in *Marion*.

Thus *Marion* makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused.

. . . the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining "due process," to impose on law enforcement officials our "personal and private notions" of fairness and to "disregard the limits that bind judges in their judicial function." *Rochin v. Cali-*

*fornia,* 342 U.S. 165, 170, 72 S.Ct. 205, 96 L.Ed. 183 (1952). Our task is more circumscribed. We are to determine only whether the actions complained of—here, compelling respondent to stand trial after the Government delayed indictment to investigate further—violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions," *Mooney v. Holohan,* 294 U.S. 103, 112, 55 S.Ct. 340, 342, 79 L.Ed. 791 (1935), and which define "the community's sense of fair play and decency," *Rochin v. California,* supra, 342 U.S. at 173, 72 S.Ct. [205] at 210 . . . .

431 U.S. at 790, 97 S.Ct. at 2049.

In the case before us the record is very meager, as the trial judge ruled on defendant-appellee's motion without an evidentiary hearing. After statements by counsel for defendant in support of the motion the judge announced that the case was dismissed. After objection by Government counsel the judge did allow brief statements by the prosecuting attorney before renewing his ruling. Thus we have only the allegations in counsels' memoranda and an affidavit by defendant-appellee Revada as to the prejudice to the accused and the reasons for the pre-indictment delay.

On the prejudice point Revada's affidavit states that he gave federal agents a statement, apparently incriminating, June 9, 1976, which he would not have given had he thought he might be prosecuted for the alleged firearms offense which occurred July 24, 1975. He also declares that because of the delay, the time he spent in jail and the many other charges he has had to defend, he cannot accurately reconstruct his activities or even his whereabouts prior to his arrest on July 24, 1975. He says he cannot recall the dates of his release from jail, the date he retrieved his car prior to the arrest nor who had access to his car, and because of the lack of government activity on prosecuting he made no notes or memoranda concerning the indictment, and did nothing to help retain and refresh his memory.

■ The record does not show us what kind of a statement was given to the government agents in that jail interview some 11 months after the alleged offense. Apparently, however, a *Miranda* warning was given Revada before his statement was made. Apart from the statement given to federal agents the claims of prejudice seem to fall within the general category of disadvantages which occur with any delay: "that memories will dim, witnesses become inaccessible, and evidence be lost," which *Marion* indicates, within the bounds of the applicable statute of limitations, "are not in themselves enough to demonstrate that appellees cannot receive a fair trial and to therefore justify the dismissal of the indictment." 404 U.S. at 326, 92 S.Ct. at 466.

Revada's affidavit indicates he was out of jail less than two months during the 21-month period between the alleged offense and the indictment. While he argues the incarceration impaired his memory, arguably he should be able better to recall what he did during his short periods of freedom than one who had been out of jail all of that time.

■ Even if there was proof of actual prejudice, *United States v. Lovasco, supra,* indicates that is not enough; the Court must consider the reasons for the delay. On that point defendant-appellee shows nothing except that his alleged crime was a simple and uncomplicated one, that the essential facts were known to the Government soon after they occurred, and that Revada's whereabouts, in jail, was known and he was available for trial during all of that time. He then appears to argue either that because of the delay alone under these circumstances, he has met the burden of the second prong of the *Marion* test, or that the burden shifts to the Government to explain. There is no allegation the delay was expressly for tactical advantage or to harass the accused.

Here also we are handicapped because the trial judge did not hold an evidentiary hearing. The Government memorandum states that the prosecutors learned the shotgun was unregistered on September 2, 1975.

They "then made further investigations" and contacted the U. S. Attorney's office on March 31, 1975 (apparently meant to be 1976), about prosecuting. The investigation was allegedly continued with the shotgun test fired on April 27, 1976, and the interview of Revada by agents on June 9, 1976.

The delay thereafter was alleged to be because of state burglary charges against defendant which caused his incarceration until April 15, 1977, a few days before the indictment was returned. The Government states that if it had proceeded with prosecution while defendant was in custody on a state conviction it would have had to maintain defendant in custody at its own expense until the entire controversy was resolved, under the federal writ of habeas corpus ad prosequendum. That fact deterred it from acting.

 Under the *Lovasco* decision investigative delay is proper.

> In our view, investigative delay is fundamentally unlike delay undertaken by the Government solely "to gain tactical advantage over the accused," . . . (citing *Marion*) precisely because investigative delay is not so one-sided. . . . We therefore hold that to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time.

431 U.S. at 795–96, 97 S.Ct. at 2051.

 We note also that the state charges arising out of the discovery of the shotgun were dismissed, apparently on grounds the evidence was obtained by an illegal search. A similar motion to suppress was pending in the instant case when the judge terminated the proceedings because of the pre-indictment delay. Uncertainty as to the validity or strength of the prosecution's case is treated in *Lovasco* as a legitimate reason for delay in obtaining an indictment, as is the availability and likelihood of prosecution by another jurisdiction. 431 U.S. 794 n. 15, 97 S.Ct. 2044.

While it seems doubtful to us the defendant-appellee here can meet the burden placed upon him by the controlling precedent, it is certain that what the court actually considered in granting the motion was not sufficient.

 We therefore reverse and remand the case with directions to the trial court to provide an evidentiary hearing on the existence of actual prejudice to the defense *and* whether the reasons for the delay were improper under the *Marion* and *Lovasco* decisions. See *United States v. Stoddart,* 574 F.2d 1050 (10th Cir. 1978), filed this day.