UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis J. FRANCISCO,
Defendant-Appellant.

No. 77–1316.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted April 17, 1978.
Decided May 9, 1978.

Alex Stephen Keller of Keller, Dunievitz & Johnson, Denver, Colo., for defendant-appellant.

James W. Winchester, Asst. U. S. Atty., Denver, Colo. (Joseph P. Dolan, U. S. Atty., Denver, Colo., with him on the brief), for plaintiff-appellee.

Before BARRETT, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

This is an appeal from a conviction after a jury trial for a violation of 18 U.S.C. § 922(h). As applicable here, that section makes it unlawful for a person who has been convicted of a crime punishable by imprisonment for a term exceeding one year "to receive any firearm or ammunition which has been shipped or transported in interstate . . . commerce."

The questions on appeal relate to pre-indictment delay and the time-frame within which appellant must be shown to have received the firearm to sustain his conviction.

It is undisputed that defendant-appellant, Lewis J. Francisco, was in possession of a .38 caliber Smith and Wesson revolver, taken from him by a police officer in Satan's Bar in Denver on September 27, 1975; that Francisco had previously been convicted in 1971 of a felony; and that the pistol here involved had been shipped in interstate commerce from the state of its manufacture, Massachusetts, to Oklahoma, where it was sold in 1974 to one Joseph O'Donnell, who brought it to Colorado when he moved to Denver in May of 1974.

Defendant Francisco was known to O'Donnell by his nickname, "Red." O'Donnell testified that he sold the revolver in Satan's Bar sometime during the fall of 1974 at a time when Francisco was present. O'Donnell's testimony was that he was drinking and did not recall exactly to whom he sold the gun; that the date of the sale was "probably November of '74, somewhere in that area," but it could have been in December or October 1974; "It was somewhere in the late fall portion of the year."

The indictment was issued December 15, 1976, some 15 months after the seizure of the weapon. Francisco was arrested the day after the indictment. Trial to the jury commenced March 7, 1977.

The indictment charged that Francisco knowingly received the specifically described firearm between "on or about October 1, 1974 and on or about September 27, 1975." By pretrial motion for a bill of particulars, defendant Francisco sought to require the Government to specify the particular date on which the weapon was allegedly received by him. Responding to expressions from Judge Winner, who ruled on the pretrial motions, that the Government be more specific about the date of the alleged receipt of the revolver to assist the defendant in preparing his defense, the Government made the following response in its bill of particulars:

The witness upon whom the Government relies to establish the exact date of the alleged receipt of the weapon described in the indictment, is unable to recall a

specific date upon which he transferred the weapon. However, he is able to recall that the weapon was transferred in late November or early December 1974.

Therefore, the Government, for its Bill of Particulars, states the alleged offense occurred in late November or early December 1974.

Defendant's objection that this response did not pin down the date closely enough was overruled by Judge Winner, whose order stated:

Defendant's objection to the amended bill of particulars is overruled and his motion to dismiss the indictment is denied. The government guarantees this is the best it can do to specify a date, and the government will be held to this uncertainty in presenting its proof. At least the time period now is reduced from a year to less than a month, but I agree that the remaining uncertainty as to the time of the alleged commission of a single act makes the charge pretty vague.

In any event, the matter cannot be decided on motion, and it must be ruled on at time, of trial, either by a properly instructed jury or by action on the part of the judge who hears the testimony at trial.

Judge Chilson, who presided at the trial, gave the following instruction on the significance of the date of receipt of the revolver by Francisco:

Now, you will note that the Indictment charges that the offense was committed on some date between October 1, 1974, and September 27, 1975. The proof need not establish with certainty the exact date of the alleged offense in this case, the exact date that the gun was received by the defendant. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed by the defendant at some time during the period beginning October 1, 1974, to and including September 27, 1975.

After instructing on the need for proof of the accused's prior conviction, that he did receive the firearm and that it had been shipped in interstate commerce, Judge Chilson said:

The Court should add one further essential element, and that is that the receipt of the firearm by the defendant was during the time, during the period from October 1, 1974 to and including September 27, 1975.

He refused to limit the time period to the November-December 1974 date for the receipt as an essential element of the required proof.

I

On the question of pretrial delay, the motion to dismiss filed by Francisco alleged that the Government's investigation was complete by November 13, 1975, approximately one year before the presentment to the Grand Jury. It asserted that the bar where the sale allegedly took place was closed in February 1976, and that most employees were transients who could not be located. It argued that the pre-indictment delay had prejudiced defendant's ability to obtain witnesses. There was no allegation that the delay was an intentional device by the Government to gain tactical advantage or to harass the accused. Nor was there any proof offered by defendant at the pretrial hearing in support of the motion other than the contentions recited above. Defendant produced no evidence at the trial, although his counsel mentioned two witnesses "who will dispute the three-week period." What their testimony would have been was not clear from counsel's statements.

We have recently considered this matter of pre-indictment delay in the aftermath of *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) and *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). It is our view that those cases do not permit us to second-guess the timing of the Government's indictment in the absence of proof by an accused of both actual prejudice to his case and an ulterior motive by the prosecution for such delay. See *United States v. Revada,* 574 F.2d 1047 (10th Cir. 1978).

Defendant-appellant has not sustained the burden placed upon him by those decisions.

## II

We turn now to the issue of the instructions given the jury by Judge Chilson, and the importance of proof of the date of the receipt of the revolver. Leaving aside for a moment the comments and order of Judge Winner and the Government's response to the motion for bill of particulars, we see nothing wrong with either the indictment or the instructions by Judge Chilson.

Defendant acknowledged that he had possession of the gun on September 27, 1975; that he was within the category of persons prohibited from knowingly receiving such a weapon. The fact that the gun had traveled in interstate commerce prior to coming into his possession was admitted. *Barrett v. United States,* 423 U.S. 212, 96 S.Ct. 498, 46 L.Ed.2d 450 (1976) establishes that it is not necessary that the defendant be involved in the interstate shipment in any way. The statute applies if a person within the prohibited category receives the weapon after the interstate shipment is complete, even if he has no contact with any state other than the one in which he makes the acquisition.

■ Judge Chilson's instruction and the indictment designate receipt during the period between October 1, 1974, and September 27, 1975. Francisco's prior conviction was in 1971; the statute was in effect in its present form by the 1974 date; and the specified period is well within the applicable statute of limitations. There is no question raised about venue being properly in Colorado. In the absence of an express provision in the statute, proof of the specific date of the crime is not an essential element so long as it is shown to have occurred after the prior conviction, within the statute of limitations, and before the indictment. *United States v. Davis,* 436 F.2d 679 (10th Cir. 1971).

■ Francisco's admitted possession of the revolver on September 27, 1975, provides evidentiary support that he received the weapon on that date or prior thereto. *United States v. Craven,* 478 F.2d 1329, 1336–1337 (6th Cir. 1973), *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973). *See also, United States v. Bumphus,* 508 F.2d 1405 (10th Cir. 1975); *United States v. Brown,* 472 F.2d 1181 (6th Cir. 1973); *United States v. Steeves,* 525 F.2d 33 (8th Cir. 1975). Together with the undisputed evidence that O'Donnell did not sell or surrender possession to anyone until at least October 1, 1974, Francisco's possession will sustain the jury's finding that the receipt was during the period covered by the indictment and the instructions.

The important question then is whether the filing of the bill of particulars specifying the late November, early December 1974 period as when the offense occurred requires a different result.

The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes. *United States v. Haskins,* 345 F.2d 111, 114 (6th Cir. 1965).

This, we believe, was the purpose of Judge Winner's colloquy at the pretrial hearing and in his order overruling the objection to the bill filed by the Government.

■ Defendant was not surprised at trial. The Government's only witness as to the transfer was O'Donnell, as defendant well knew. The only possible surprise he can allege is the comment solicited from O'Donnell on cross-examination that the pistol sale could have occurred in October instead of November or December, and we do not consider that a variance of any significance from the bill of particulars read as a whole. It is well settled that a variance between the proof and the bill of particulars is not grounds for reversal unless the appellant is prejudiced. *United States v. Buzzard,* 540 F.2d 1383 (10th Cir. 1976),

*cert. denied,* 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977). Prejudice is normally considered to be present if there is danger the accused will be prosecuted a second time for the same offense, or that he was so surprised by the proof that he was unable to prepare his defense adequately. *United States v. Somers,* 496 F.2d 723, 745–746 (3rd Cir.), *cert. denied,* 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974). Defendant certainly is not subject to double jeopardy, and he did not ask for a continuance as he might properly have done if a delay was needed to prepare his defense in light of O'Donnell's answers to his questions.

What defendant apparently seeks to establish is that the bill of particulars became a part of the indictment, in effect; that even if the date of receipt so narrowly stated would not generally be a required element of proof, it became such by virtue of having been specified in the bill of particulars; and that Judge Chilson in refusing to limit the instructions to the November-December time period was overruling a prior decision by Judge Winner of the same court, as he may not do unless we were to overrule *Humphrey v. Bankers Mtg. Co.,* 79 F.2d 345 (10th Cir. 1935) and our cases which have followed it.

We do not agree. Even though the two judges might have had somewhat differing views, the bill of particulars is not a part of the indictment or of the charge to the jury. In *Pipkin v. United States,* 243 F.2d 491, 494 (5th Cir. 1957) it was said:

> The object and purpose of a bill of particulars is not to supplement or in anywise change or affect the indictment as an indictment. It is to better apprise the defendant of what he is expected to meet. The jury did not ask for and would not have known what to do with the bill of particulars. No useful purpose could have been served by reading it to the jury. Indeed it would have been error to read it.

While this court held in a particular case that it was not reversible error to submit a bill of particulars to a jury, we indicated that it was undesirable to do so. *United States v. Radetsky,* 535 F.2d 556, 565 (10th Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 68, 50 L.Ed.2d 81 (1976).

The judgment of the trial court is affirmed.