UNITED STATES of America,
Plaintiff-Appellee,

v.

Rufus Jones COMOSONA,
Defendant-Appellant.

No. 79–1394.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 8, 1980.

Decided Jan. 30, 1980.

R. E. Thompson, U. S. Atty. Albuquerque, N. M., for plaintiff-appellee.

Saul R. Sarney, of Sarney, Trattler & Waitkus, Denver, Colo., for defendant-appellant.

Before LEWIS, McWILLIAMS and BARRETT, Circuit Judges.

PER CURIAM.

Rufus Jones Comosona (Comosona) was convicted by a jury of committing involuntary manslaughter within the confines of the Zuni Indian Reservation in violation of 18 U.S.C.A. §§ 1112 and 1153. Comosona appeals, alleging District Court error in its failure to: (1) dismiss charges brought against him on the grounds of pre-indictment delay; and (2) make sufficient findings of fact and conclusions of law in denying Comosona's motion to dismiss, so as to facilitate this Court's review.

### Pre-Indictment Delay

Statutes of repose are the primary mechanisms designed to guard against possible prejudice resulting from the passage of time between commission of the crime and arrest or indictment. *United States v. Marion,* 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Toussie v. United States,* 397 U.S. 112, 114–115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970). Statutes of limitations, however, do not "fully define [an accused's] rights with respect to the events occurring prior to indictment." *United States v. Marion, supra,* at 324, 92 S.Ct. at 465.

■ The Due Process clause of the Fifth Amendment to the United States Constitution has been interpreted to require dismissal of an indictment where a defendant is able to demonstrate that delay in charging him with a particular crime was the product of deliberate action by law enforcement personnel designed to gain a tactical advantage resulting in actual prejudice to the accused, thereby depriving him of his right to a fair trial. *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion, supra; United States v. Radmall,* 591 F.2d 548 (10th Cir. 1978); *United States v. Bambulas,* 571 F.2d 525 (10th Cir. 1978); *United States v. Allen,* 554 F.2d 398 (10th Cir. 1977) *cert. denied,* 434 U.S. 836, 98 S.Ct. 124, 54 L.Ed.2d 97 (1977); *United States v. Villano,* 529 F.2d 1046 (10th Cir. 1976) *cert. denied,* 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1193 (1976); *United States v. MacClain,* 501 F.2d 1006 (10th Cir. 1974); and *United States v. Beitscher,* 467 F.2d 269 (10th Cir. 1972). This Court has consistently held that it is not our function to "second-guess" the timing of the Government's indictment in the absence of proof of these elements. *United States v. Francisco,* 575 F.2d 815 (10th Cir. 1978).

In *United States v. Revada,* 574 F.2d 1047 (10th Cir. 1978) and *United States v. Stoddart,* 574 F.2d 1050 (10th Cir. 1978), we discussed the necessity of balancing the rights of a defendant and the actions of the prosecution in determining whether dismissal is appropriate for pre-indictment delay. In conducting this balancing test, certain elements must be considered. First, there must be demonstration of actual prejudice to the defendant resulting from the delay. Generally, such prejudice will take the form of either a loss of witnesses and/or physical evidence or the impairment of their effective use at trial. Second, the length of delay must be considered. Finally, the Government's reasons for the delay must be carefully considered.[1]

■ In performing this delicate balancing process, questions as to the burden of proof arise.[2] Upon a *prima facie* showing of fact by a defendant that the delay in

---

1. It is important to observe that something more than ordinary negligence on the part of Government representatives must be shown, no matter how high the actual proof of prejudice is. The Government's delay must be intentional and purposeful. *See: United States v. Glist,* 594 F.2d 1374 (10th Cir. 1979).

2. *See: United States v. Francisco, supra.* Contra: *United States v. King,* 593 F.2d 269 (7th Cir. 1979).

charging him has actually prejudiced his ability to defend, and that this delay was intentionally or purposely designed and pursued by the Government to gain some tactical advantage over or to harass him, the burden of going forward with the evidence shifts to the Government.[3] Once the Government presents evidence showing that the delay was not improperly motivated or unjustified, the defendant then bears the ultimate burden of establishing the Government's due process violation by a preponderance of evidence.[4]

We have carefully reviewed the transcripts and testimony in light of Comosona's contentions. The fact that approximately 435 days elapsed between the date of the offense and the date of indictment does not *a fortiori* establish a denial of due process. Comosona has failed to present any testimony that the delay in indictment resulted from intentional or purposeful conduct on behalf of the Government, undertaken to gain a tactical advantage. Moreover, the "real possibility of prejudice inherent in any extended delay; that memories will dim, witnesses will become inaccessible, and evidence be lost . . ." is not sufficient in and of itself to demonstrate a denial of due process. *United States v. Marion, supra,* at 326, 92 S.Ct. at 466. Here, Comosona has failed to demonstrate the loss of witnesses and/or evidence or the impairment of their use at trial. Thus, there is nothing in the record showing how such loss or impairment prejudiced him. *See: United States v. McManaman,* 606 F.2d 919 (10th Cir. 1979).

Comosona has failed to make a *prima facie* case of due process deprivation. Conclusory allegations of prejudice, otherwise unsupported in the record, do not constitute valid grounds for dismissal of the indictment. *United States v. Redmond,* 546 F.2d 1386 (10th Cir. 1977) *cert. denied,* 435 U.S. 995, 98 S.Ct. 1645, 56 L.Ed.2d 83 (1978). In short, we hold that the District Court's essential findings are supported by the testimony and evidence presented both at the motion hearing and at trial. We, of course, realize that there was some unusual and, perhaps, avoidable delay in indicting Comosona. However, the great part of this delay resulted from a sincere desire on the part of law enforcement personnel to insure, in their own minds, that Comosona would not be wrongfully indicted.

### Propriety of Review

Comosona's remaining contention that the District Court failed to provide sufficient findings of fact and conclusions of law for our review is without merit. Fed.Rules Crim.Proc. rule 12(e), 18 U.S.C.A., provides that in determining pretrial motions a district court is obligated only to state "its essential findings on the record" with regard to the factual issues involved. *United States v. Revada, supra,* and *United States v. Stoddart, supra,* are not contrary. Even though we believe that adequate factual findings on the critical issues raised in the *Marion* and *Lovasco* decisions should normally be made only on the basis of testimony and other evidence at an evidentiary hearing, it is, nevertheless, not necessary for district courts to provide detailed findings of fact and conclusions of law if the essential bases of their decisions are apparent. Here, the Court did state its essential findings of fact on the record. Thus, in this case, there is no reason to remand to the District Court for further proceedings in-

---

3. Claims of deprivation of due process rights require a specific showing of identifiable prejudice to the accused affecting his substantial rights. *United States v. Radmall, supra,* at p. 552 (Barrett, J., concurring); *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Kotteakos v. United States,* 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *United States v. Ramirez,* 524 F.2d 283 (10th Cir. 1975); Fed.R.Crim.Proc., rule 52(a), 18 U.S.C.A.

4. Where an evidentiary hearing has been conducted on these issues, [*See: United States v. Revada, supra; United States v. Stoddart, supra; and United States v. Radmall, supra,*] the district court's findings of fact will not be disturbed unless clearly erroneous. *See: United States v. Sand,* 541 F.2d 1370 (9th Cir. 1976) *cert. denied sub nom., Scully v. United States,* 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 553 (1977).

volving entry of adequate findings of fact in compliance with rule 12(e).

WE AFFIRM.