2 F.3d 1161
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ian Ogden DEWING, Defendant-Appellant.
 No. 92-2227.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before LOGAN, TACHA and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 Following his conditional guilty plea, defendant Ian Ogden Dewing appeals the district court order denying his motion to dismiss an indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2).
 
 
 2
 In 1986, defendant, Ernie Sacoman, and Michael Donald were involved in an armed robbery and murder. In exchange for his testimony against the others, defendant agreed to plead guilty to a state court information charging him with armed robbery and conspiracy to commit armed robbery. At defendant's plea hearing later that year, the New Mexico state court accepted defendant's guilty plea but deferred entering either a formal finding of guilt or a judgment of conviction until after defendant had testified against Sacoman.
 
 
 3
 After one mistrial, Sacoman was convicted in 1987. Defendant testified against Sacoman at both trials. Shortly after Sacoman's second trial, but before the judge imposed a sentence on defendant's guilty plea, defendant was stopped by a police officer for possessing a firearm. The weapon was confiscated but defendant was not arrested. Thereafter, in 1988, the judge sentenced defendant to nine years in prison. In establishing the sentence the judge took defendant's possession of a firearm in the 1987 incident into account. In a letter filed in the instant case the state court judge made the following statement:
 
 
 4
 I have a pretty clear recollection of Mr. Dewing's sentencing and my considerations at the time. I knew that Mr. Dewing had been stopped by an Albuquerque Police Officer at a public park and that Mr. Dewing was, at the time, allegedly in possession of an illegal firearm, specifically a shotgun with the barrel cut down shorter than the legal limit. I further understood that federal authorities had decided not to pursue these charges because of the charges Mr. Dewing was facing in my Court.
 
 
 5
 In sentencing Mr. Dewing, the possession of the firearm was an important consideration. I lectured him at length about being in a public park with an illegal firearm during a time when he should be on his best behavior. This incident weighed heavily in my determination that incarceration was appropriate for Mr. Dewing.
 
 
 6
 I R. tab 34, ex. C.
 
 
 7
 Defendant was released to a community corrections program in 1991. In April 1992, while he was still in that program and only days before the statute of limitations on the 1987 gun possession incident would have run, defendant was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(2). Because we agree with defendant's claim of improper purpose and prejudice by the delay in his indictment, we do not consider his other arguments.
 
 
 8
 When a mixed question of law and fact involves primarily the consideration of legal issues, our review is de novo. Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986). "Preindictment delay rises to a constitutional violation when the defense is substantially prejudiced by the delay and the reasons for the prosecutor's delay are improper." Gutierrez v. Moriarty, 922 F.2d 1464, 1472 (10th Cir.), cert. denied, 112 S.Ct. 140 (1991).
 
 
 9
 Although the delay precluded defendant from producing the one non-law enforcement witness to the events at issue in the indictment, the district court apparently believed that this did not prejudice defendant because it was undisputed that defendant possessed the gun following his guilty plea to a felony in state court. A defendant's inability to present a defense at trial is only one type of prejudice caused by delay, however. See United States v. Lovasco, 431 U.S. 783, 790 (1977) (court's task in deciding whether Due Process Clause is violated by preindictment delay is to determine "whether the action complained of ... violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency") (quotations and citations omitted). Here it is undisputed that the state court judge relied upon the federal prosecutors' representation that they would not pursue the federal charge in deciding to sentence this defendant to prison for nine years rather than placing him on probation. Presumably the state court could also have taken steps to make the state sentence run concurrently with the federal sentence, had the federal authorities prosecuted or announced their intention to prosecute. Defendant was actually prejudiced by the government's failure to prosecute when it had all the evidence it needed and represented to the state court that it would not prosecute.
 
 
 10
 Further, we believe the initiation of prosecution only ten days before the statute of limitations would run and after defendant had been released from state prison, in the context of this case, established that the federal authorities delayed prosecution for tactical advantage or to harass. Their taking the position before the state court that no prosecution would occur, which helped induce that court to sentence defendant to a significant prison term, and then indicting defendant after the state released him earlier than the federal prosecutors thought desirable, seems the paradigm case of delay "to gain tactical advantage or to harass the defendant." United States v. Beitscher, 467 F.2d 269, 272 (10th Cir.1972). This is not a case of investigative delay, as in United States v. Revada, 574 F.2d 1047 (10th Cir.1978), or for uncertainty as to the validity or strength of the government's case, as in Lovasco, 431 U.S. 783. Indeed, there appears no reason for the delay in prosecuting defendant other than to reserve that option as a weapon if the state's punishment was insufficient to satisfy the federal prosecutors. Federal authorities are entitled to make their own evaluation of the need for prosecution pursuant to the federal sovereign's independent interest in law enforcement, Abbate v. United States, 359 U.S. 187 (1959), but we have seen no case which has approved a federal prosecution after a state court enhanced its punishment based upon federal authorities' representations that they would not prosecute the federal crime.
 
 
 11
 REVERSED and REMANDED with instruction to dismiss the indictment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3