51 F.3d 287
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Archie WATKINS, Jr. Petitioner-Appellant,
v.
Michael A. NELSON, Warden, and Robert T. Stephan, Attorney
General, State of Kansas, Respondents-Appellees.
 No. 94-3393.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Archie Watkins (Watkins), appearing pro se, moves for leave to proceed on appeal in forma pauperis and for a Certificate of Probable Cause to appeal from the district court's Memorandum and Order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254.
 
 
 3
 We grant petitioner's motion for leave to proceed on appeal without prepayment of costs or fees and we grant petitioner's motion for a certificate of probable cause filed pursuant to 28 U.S.C. 2253 simply in order to reach the merits. We deny petitioner's motion for appointment of counsel on appeal.
 
 
 4
 Watkins was convicted by a jury in the district court of Geary County, Kansas, of Aggravated Burglary and Aggravated Robbery on March 5, 1987. On April 29, 1987, he was sentenced to concurrent prison terms of 15 to 60 years and 45 years to life. Watkins exhausted his available remedies in the courts of the State of Kansas prior to filing this action.
 
 
 5
 On appeal, Watkins contends that the district court erred in: (1) concluding that he was not denied his Sixth Amendment right and due process to a speedy trial, (2) finding/concluding that he was not denied due process of law by the state district court's refusal to reverse his convictions due to the impermissibly suggestive procedure used by the police which entailed showing a single flyer of his photograph to the victim minutes after the incident, and displaying the same photograph shortly thereafter for the purpose of a mug book identification, (3) concluding that the imposition of the Kansas Habitual Criminal Act did not deny him due process of law, and (4) concluding that he was not denied effective assistance of counsel at the sentencing stage of the trial proceedings.
 
 
 6
 We recognize that the due process clause plays a limited role in protecting against oppressive trial delay. See United States v. Lovasco, 431 U.S. 783, 789 (1977). However, in order to prevail on a due process claim, a defendant must show actual prejudice. A due process violation "requires a specific showing of identifiable prejudice of the accused affecting his substantial rights." United States v. Comosona, 614 F.2d 695, 697 n. 3 (10th Cir.1980) (citations omitted). Watkins has made no such showing.
 
 
 7
 We AFFIRM for substantially the reasons set forth in the district court's comprehensive "Memorandum and Order" entered October 28, 1994.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470