**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 18, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRIN B. WOODARD,

    Defendant - Appellant.

No. 19-5009
(D.C. No. 4:18-CR-00086-GKF-1)
(N.D. Okla.)

_____

**ORDER**
_____

This matter is before the court *sua sponte*. On June 17, 2020, the court issued its

Order & Judgment in this matter. After the Order and Judgment was issued, inadvertent

clerical errors were discovered. In order to correct those clerical errors, the attached

corrected version of the Order and Judgment shall be issued effective *nunc pro tunc* to

the date that the original Order and Judgment was filed.


Entered for the Court


CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARREN B. WOODARD,

Defendant - Appellant.

No. 19-5009
(D.C. No. 4:18-CR-00086-GFK-l)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH, SEYMOUR,** and **MCHUGH,** Circuit Judges.

Darrin B. Woodard entered a conditional guilty plea for a violation of 18 U.S.C.

§ 924(c)(l)(A)(i), possession of a firearm in furtherance of a drug trafficking crime. He

preserved this appeal from the district court's denial of his motion to dismiss (and

supplemental motion to dismiss) for unconstitutional pre-indictment delay. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

In early 2015, Tulsa Police received information that Darrin Woodard and others were selling cocaine and marijuana from a house in Tulsa. After finding cocaine and marijuana residue in the trash outside that residence, they sought and received a search warrant. They executed a search warrant on March 2, 2015. When police arrived at the house, they saw four men enter a vehicle parked in the driveway and drive away from the residence. The officers followed the vehicle and ultimately pulled it over for a speeding violation. The officers identified one of the men in the vehicle as defendant Darrin Woodard. During the traffic detention, the warrant team searched the house and found ammunition and weapons, including a Taurus Judge .40 caliber pistol. They also found cocaine powder and base. On the day of the search, the officers recorded a mirandized interview with Mr. Woodard, in which he admitted to owning the pistol.

In April 2018, a federal grand jury charged Mr. Woodard and others with drug and firearm offenses based on the 2015 search of the house. Mr. Woodard moved thereafter to dismiss the indictment, alleging unconstitutional pre-indictment delay.[1] On October 15, 2018, the day before trial was to begin, Mr. Woodard filed a Supplemental Motion to

---

[1] Defendant filed a motion to dismiss. He argued that the pre-indictment delay violated his right to a speedy trial under the Sixth Amendment. He also cited numerous cases that related to post-indictment delay. In response, the government noted that Mr. Woodard had conflated the notions of pre-indictment and post-indictment delay. The district court denied the motion to dismiss based on its consideration of Fifth Amendment due process cases relating to pre-indictment delay.

Dismiss asserting that the delay was partially the result of government efforts to convince Mr. Woodard to cooperate in another matter.

The district court held three hearings on the motions. The last two hearings occurred separately on the day of trial. During the third hearing, the court permitted Mr. Woodard to call witnesses and present testimony. At the conclusion of that hearing, the court found that Mr. Woodard had suffered prejudice as the result of the pre-indictment delay due to the suicide of a key witness, but it held that he had failed to prove the government's delay was intentional and purposeful as opposed to merely negligent. Mr. Woodard appeals, asserting the district court applied the wrong standard.

## II.

The focus of Mr. Woodard's argument in this appeal relates to a comment the district court made prior to hearing evidence on the motion and supplemental motion to dismiss at the October 16, 2018 hearing. During the first moments of that hearing the court engaged in a discussion with counsel and commented:

> [T]he pre-indictment delay[] must be intentionally or purposefully designed and pursued by the government to gain some tactical advantage over or to harass him.
> It does raise the interesting question of would the government's motive to attempt to get the defendant to help it in other investigations, is that the type of delay that would satisfy this requirement; or rather . . . must the delay be intentionally or purposefully designed and pursued by the government to negatively impact the defendant in that prosecution?

Rec., vol. II at 18. Mr. Woodard contends these comments show the district court applied an incorrect legal standard in concluding that he failed to prove the government's delay

3

was intentional and purposeful and designed to gain a tactical advantage "in that prosecution."

We review the denial of a motion to dismiss for pre-indictment delay for abuse of discretion. *United States v. Bernard Comosona*, 848 F.2d 1110, 1113 (10th Cir. 1988). "A court abuses its discretion only when it makes a clear error of judgment, exceeds the bounds of permissible choice, or when its decision is arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *Liberty Mut. Fire Ins. Co. v. Woolman*, 913 F.3d 977, 990 (10th Cir. 2019) (internal quotation marks and citation omitted), or alternatively when the court "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence," *United States v. Dixon*, 901 F.3d 1170, 1176 (10th Cir. 2018) (citation omitted).

On the issue of pre-indictment delay, the Supreme Court has stated that: "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee, against bringing overly stale criminal charges.'" *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (citation omitted). However, there is also protection under the due process clause of the Fifth Amendment that can arise before the statute of limitations expires. *Id*. Such a "due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." *Id.* at 790. As the Court explained in *United States v. Marion*, 404 U.S. 307, 325 (1971), which involved a 38-month pre-indictment delay, the defendants failed to "demonstrate[] that the pre-indictment delay by the Government violated the Due Process Clause."

4

Not only did the defendants in that case fail to prove actual prejudice, "there [was] no showing that the Government intentionally delayed to gain some tactical advantage over [the defendants] or to harass them." *Id.* As we recognized in *United States v. Rufus Comosona*, 614 F.2d 695, 696 n.1 (10th Cir. 1980), "[i]t is important to observe that something more than ordinary negligence on the part of Government representatives must be shown, no matter how high the actual proof of prejudice is. The Government's delay must be intentional and purposeful."

The district court applied this analysis here and determined that while Mr. Woodard suffered actual prejudice as the result of the pre-indictment delay, "[s]imply put, the defendant has not demonstrated the delay here was intentional and purposeful; specifically, that it was more than ordinary negligence" on the part of the government. Rec., vol. II at 82. Negligent acts by their very nature are not intentional nor are they designed to accomplish an end. A consideration of whether any tactical advantage on the part of the government must have been with respect to the trial in this case or in general is only relevant if the district court had first found that the pre-indictment delay was an intentional or purposeful device employed by the government. Because Mr. Woodard failed to offer evidence that the delay here constituted anything more than negligent conduct on the part of the government, we need not resolve whether the tactical advantage requirement was designed to apply in general or in connection with the pending case against a defendant.

Accordingly, the district court did not abuse its discretion in denying Mr. Woodard's motion and supplemental motion to dismiss for unconstitutional pre-indictment delay. For the foregoing reasons, we AFFIRM.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

6