This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                      **NO. 28,640**

**MICHAEL ANGEL CARBAJAL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Darren M. Kugler
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State appeals from the district court's order dismissing a grand jury indictment against Defendant. The district court granted Defendant's motion, concluding that the roughly three-year delay between Defendant's arrest and the filing of the indictment constituted a violation of Defendant's right to a speedy trial under the Sixth Amendment to the United States Constitution. For the following reasons, we reverse.

**BACKGROUND**

Defendant was arrested on October 9, 2004, in Doña Ana County, New Mexico. Defendant was taken into custody and, after posting bond, was released about six hours later. On October 18, 2004, a criminal complaint charging Defendant with violations of NMSA 1978, Section 30-31-20 (2006) (trafficking of a controlled substance), NMSA 1978, Section 30-31-23 (2005) (possession of a controlled substance), and NMSA 1978, Section 30-31-25.1 (2001) (possession with intent to use drug paraphernalia) was filed in the Las Cruces Magistrate Court. On that date, Defendant appeared before the magistrate judge, entered a plea of not guilty, and submitted to certain conditions of release, including that he was not to leave the county without permission from the court.

Due to a mix-up with Defendant's case and another pending case, the State failed to proceed with the charges against Defendant, and the charges were ultimately

dismissed by the magistrate court. An account of what occurred, as described by the parties, follows.

Three days after Defendant Michael Angel Carbajal's arrest, an individual with the same first and last name as Defendant was arrested and charged with possession of cocaine. Due to an administrative error on the State's part, Defendant's file was combined with the file of this other defendant, Michael Barncastle Carbajal. The State proceeded with the charges against Michael Barncastle Carbajal but did not proceed with the charges against Defendant. The charges against Defendant were dismissed by the magistrate court on December 9, 2005. How the State eventually realized its error is unclear from the record. Nevertheless, on November 1, 2007, Defendant was indicted by the grand jury for violating Section 30-31-20(A)(3) (trafficking of a controlled substance with intent to distribute, a second degree felony).

On December 28, 2007, roughly two months after the indictment was filed, Defendant filed a motion to dismiss the indictment based on his assertion that the State's delay in filing the indictment violated his right to a speedy trial under the Sixth Amendment to the United States Constitution and under Article II, Section 14 of the New Mexico Constitution. The district court granted Defendant's motion and entered a written order dismissing the indictment on April 24, 2008. The district court concluded that dismissal was appropriate, as the factors articulated in *Barker v. Wingo*, 407 U.S. 514 (1972), weighed in favor of dismissal. In its assessment of the

3

*Barker* factors, the district court made the following findings: (1) the length of delay—which the court identified as the time from the date Defendant was arrested until the filing of the indictment—weighed against the State; (2) the reason for the delay, the State's negligence, weighed against the State; (3) Defendant was prejudiced, given that the conditions of release Defendant submitted to required him to remain within Doña Ana County, New Mexico; (4) the fact that Defendant failed to assert his right to a speedy trial at any time before the filing of the indictment was the sole factor weighing against Defendant. The State filed a timely notice of appeal.

**DISCUSSION**

In its brief in chief, the State argues that the district court erred in holding that the length of delay in this case constituted a violation of Defendant's right to a speedy trial. Defendant counters that the district court's ruling was proper and, in addition, appears to contend that the delay constituted a violation of the due process prohibition against preindictment delay. We address these arguments in turn.

**Speedy Trial**

"Even though [the] *Barker* analysis necessarily involves an evaluation of the underlying facts in the case, whether the constitutional right to a speedy trial has been violated is an issue of law." *State v. Grissom*, 106 N.M. 555, 561, 746 P.2d 661, 667 (Ct. App. 1987). Thus, "[o]n appeal, a reviewing court is required to independently

4

balance the factors considered by the trial court to determine whether a defendant has been deprived of his constitutional right to a speedy trial." *Id.*

In this case, Defendant has asserted his speedy trial right under both the United States Constitution and the New Mexico Constitution. However, because Defendant has not argued whether New Mexico's speedy trial guarantee should be interpreted differently than the Sixth Amendment, we need not answer that question here. *State v. Maddox*, 2008-NMSC-062, ¶ 6, 145 N.M. 242, 195 P.3d 1254. The following discussion is thus limited only to whether Defendant's right to a speedy trial under the Sixth Amendment was violated.

The Sixth Amendment to the United States Constitution provides as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The speedy trial right "is a fundamental right of the accused" and "the substance of the speedy trial right is defined only through an analysis of the peculiar facts and circumstances of each case." *State v. Garza*, 2009-NMSC-038, ¶¶ 10-11, ___ N.M. ___, 212 P.3d 387. To assess whether a defendant's right to a speedy trial has been violated, our Supreme Court adopted the balancing test articulated by the United States Supreme Court in *Barker*. *Garza*, 2009-NMSC-038, ¶ 13. Under this balancing test we evaluate "(1) the length of delay, (2) the reasons for the delay, (3) the defendant's assertion of his right [to a speedy trial], and (4) the actual prejudice to the defendant[.]" *Id.*

The first of the four *Barker* factors, the length of delay, "serves two functions: (1) the length of delay must cross a threshold to establish a presumption of prejudice and (2) to trigger further inquiry into the other factors." *Maddox*, 2008-NMSC-062, ¶ 9 (internal quotation marks and citation omitted). In effect, the first *Barker* factor requires us to engage in a preliminary assessment to determine whether we are confronted with a case involving a delay which may violate the Sixth Amendment or a case involving the type of ordinary delay associated with the administration of justice. *See State v. Coffin*, 1999-NMSC-038, ¶ 55, 128 N.M. 192, 991 P.2d 477 ("As an initial matter, the length of the delay must cross [ ] the threshold dividing ordinary from presumptively prejudicial delay in order to trigger further [Sixth Amendment] inquiry." (first alteration in original) (internal quotation marks and citation omitted)). Thus, when a criminal defendant invokes his or her right to a speedy trial, that defendant must first demonstrate that the length of delay is more than ordinary and rather is presumptively prejudicial. *See State v. Laney*, 2003-NMCA-144, ¶ 10, 134 N.M. 648, 81 P.3d 591 ("When a speedy trial claim is made, the defendant must make a threshold showing that the length of delay is presumptively prejudicial."). If the defendant fails to fulfill this preliminary requirement, the inquiry ends, and the defendant's claim shall be denied. *See Maddox*, 2008-NMSC-062, ¶ 9 (observing that further inquiry into the latter three *Barker* factors is unwarranted unless the length of delay crosses a certain threshold).

Our Supreme Court recently revisited what constitutes presumptively prejudicial delay in *Garza*. The Court abolished "the presumption that a defendant's right to a speedy trial has been violated based solely on the threshold determination that the length of delay is 'presumptively prejudicial'" and held that "length of delay is simply a triggering mechanism, requiring further inquiry into the *Barker* factors." *Garza*, 2009-NMSC-038, ¶ 21. In addition, the Court instructed that

> we adopt one year as a benchmark for determining when a simple case may become presumptively prejudicial. Accordingly, we also shift the guidelines for cases of greater complexity: Fifteen months may be presumptively prejudicial for intermediate cases and eighteen months may be presumptively prejudicial for complex cases.

*Id.* ¶ 48. These new guidelines apply to those motions to dismiss that were filed after August 13, 2007. *Id.* ¶ 50. As Defendant's motion to dismiss the indictment based on his right to a speedy trial was filed on December 28, 2007, the new benchmarks established in *Garza* apply.

As a threshold matter, we must first determine the starting point for calculating the length of delay in this case. The district court determined that the length of delay was more than three years. The court based its calculation of the delay in Defendant's case from the time of Defendant's arrest on October 9, 2004, until the filing of the grand jury indictment on November 1, 2007. In reaching its decision, it is apparent that the district court found that Defendant's right to a speedy trial attached on arrest. We disagree.

7

"In general, the right [to a speedy trial] attaches when the defendant becomes an accused, that is, by a filing of a formal indictment or information or arrest and holding to answer." *State v. Urban*, 2004-NMSC-007, ¶ 12, 135 N.M. 279, 87 P.3d 1061 (internal quotation marks and citation omitted). *See also Salandre v. State*, 111 N.M. 422, 426, 806 P.2d 562, 566 (1991) (stating that "indictment, or the actual restraints of arrest *and* holding for charges, implicates the speedy trial guarantee" (footnote omitted)). After *Salandre*, this Court clarified that "[t]he filing of [a] complaint in magistrate court [is] insufficient to trigger [the d]efendant's speedy trial right for the felony charges." *State v. Ross*, 1999-NMCA-134, ¶ 14, 128 N.M. 222, 991 P.2d 507. We explained in *Ross* that, when charged with a felony offense, a criminal defendant's right to a speedy trial attaches not at the time of arrest or upon the filing of a complaint in magistrate court, but when an indictment or criminal information is filed. *Id.* ¶¶ 14-15. This conclusion derives from the fact that "the charging document upon which a felony prosecution can proceed requires a certain, heightened formality." *Id.* ¶ 14 (noting that "[t]he New Mexico Constitution, Article II, Section 14, requires the State to file an indictment or information before commencing a felony prosecution"). We further concluded in *Ross* that a criminal defendant charged with a felony offense becomes an accused only after the filing of an information or indictment because "the information/indictment requirement is a matter of jurisdiction[.]" *Id.* ¶ 15. "[U]ntil the State files an information or

8

indictment, the district court is without jurisdiction to try [a] defendant [charged with a felony offense]." *Id.*

Defendant was initially charged in magistrate court for felony trafficking of a controlled substance, among other charges. Those charges were dismissed by the magistrate court, and Defendant was later indicted in district court on the charge of felony trafficking of a controlled substance alone. Because, as we have noted, a felony must be charged by information or indictment with "a certain, heightened formality," the magistrate court complaint filed in the present case was not sufficient to hold Defendant to answer for the felony charge. *Id.* ¶¶ 14-15. Accordingly, Defendant's right to a speedy trial did not attach until he was indicted in district court on November 1, 2007.

Although Defendant agrees that *Ross* controls our analysis, he nevertheless argues that the period between Defendant's arrest and the district court indictment should be included in the length of delay. Defendant provides no citation or rationale for this argument. We first observe that in dismissing the indictment, the district court determined that based on the four *Barker* factors, the length of the delay—from the date of the arrest to indictment—should be weighed against the State. In this circumstance, however, it is not necessary for us to evaluate the basis of the dismissal because the district court's calculation of the length of delay was erroneous. As we have explained, Defendant's right to speedy trial did not attach on arrest but instead

at the time of the district court indictment, November 1, 2007. As a result, the delay between the dismissal of the magistrate court felony charge and the refiling of that charge in district court falls outside the perimeters of the speedy trial analysis.

Based on the foregoing, the appropriate dates for calculating the amount of delay in the present matter is the time between the filing of the indictment (November 1, 2007) and the date the district court ordered the indictment dismissed (April 24, 2008). The amount of time between these two dates is less than six months. Pursuant to the guidelines set forth in *Garza*, whether Defendant's case is construed as a simple or intermediate case, the amount of delay that has been accrued in adjudicating his case falls far short of either twelve or fifteen months. Thus, the delay involved is not presumptively prejudicial. It is merely the ordinary delay associated with the filing and adjudication of criminal charges, and our inquiry ends there. We reverse the district court's order dismissing the indictment.

**Due Process**

In his answer brief, Defendant appears to raise a second and distinct argument: The delay which occurred in this case constitutes preindictment delay in violation of Defendant's rights under the Fifth and Fourteenth Amendment to the United States Constitution. However, it is not at all clear that Defendant raised, or intended to raise, this argument in the district court.

10

"[T]he United States Supreme Court has held that the due process clause of the fifth amendment provides additional, albeit limited, protection against improper preaccusation delay." *Gonzales v. State*, 111 N.M. 363, 364, 805 P.2d 630, 631 (1991). To establish whether a defendant has been denied procedural due process by preindictment delay, we utilize a two-part test. "First, the defendant must show prejudice to his or her defense as a result of the delay and, second, the defendant must show that the state intentionally caused the delay in order to gain a tactical advantage." *State v. Palmer*, 1998-NMCA-052, ¶ 4, 125 N.M. 86, 957 P.2d 71. "In determining whether a preindictment delay denied [a d]efendant his right of procedural due process, we conduct an independent review of the record and the law." *Id.* (internal quotation marks and citation omitted).

The State contends that Defendant failed to preserve this argument at trial and observes that the district court made no ruling on such an argument. In the alternative, the State argues that even if we were to conclude that Defendant did preserve this argument, Defendant failed to demonstrate that the delay prejudiced him in any way. We agree with the State that Defendant failed to preserve this argument, and we therefore do not address the merits of the claim.

It is well settled that "[i]n order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the trial court to the claimed error or errors, and that a

11

ruling thereon then be invoked." *State v. Nichols*, 2006-NMCA-017, ¶ 27, 139 N.M. 72, 128 P.3d 500 (filed 2005) (internal quotation marks and citation omitted). "The primary purposes of the preservation requirement are (1) to alert the trial court to a claim of error so that it has an opportunity to correct any mistake, and (2) to give the opposing party a fair opportunity to respond and show why the court should rule against the objector." *Id.* (internal quotation marks and citation omitted).

Defendant's motion to the district court was entitled "Brief in Support of Defendant's Motion to Dismiss Prosecution for Lack of Due Process and Delay of Speedy Trial." Further, in his brief, Defendant states: "As a result of unnecessary delay on the part of the State in bringing an [i]ndictment against [Defendant] and affording him due process by way of a speedy trial, he has been severely prejudiced." It appears that Defendant has conflated the Sixth Amendment right to a speedy trial with the due process prohibition against preindictment delay. Due process, according to Defendant, is afforded by way of a speedy trial. Our Supreme Court, however, has long-held that these two rights are categorically distinct. *See Gonzales*, 111 N.M. at 364, 805 P.2d at 631 (observing that the Fourteenth and Fifth Amendment due process analysis applicable to preaccusation delay is separate and distinct from the Sixth Amendment speedy trial analysis).

Our review of Defendant's motion to dismiss also confirms that although Defendant referenced a due process right, he made only a speedy trial argument to the

district court. The motion establishes that Defendant failed to articulate a due process argument; failed to cite any authority for such an argument; and failed to explain how his right to due process had been violated. Nor did Defendant identify the elements of a preindictment delay claim or explain how those elements were satisfied in his case. Furthermore, neither the State (in its response to Defendant's motion) nor the district court (in its order) addressed whether Defendant's due process rights were violated through preindictment delay. Finally, Defendant does not point to any place in the record where this argument was preserved. "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's Inc.,* 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987).

Accordingly, we conclude that Defendant did not preserve this argument for appellate review.

**CONCLUSION**

For these reasons, we reverse the dismissal of Defendant's indictment and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**