This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO.   31,108**

**THOMAS COLTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Court Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his conviction of criminal sexual penetration of a minor. In our notice, we proposed to affirm the conviction. Defendant has timely responded

with opposition to our proposal and a motion to amend the docketing statement to include a claim of ineffective assistance of counsel. We have considered Defendant's

arguments and affirm, denying Defendant's motion to amend the docketing statement.

The sole issue raised in the docketing statement was that the jury venire did not contain a fair cross-section of the community. We proposed to conclude that Defendant had failed to meet his burden under *State v. Lopez*, 96 N.M. 456, 459, 631 P.2d 1324, 1327 (Ct. App. 1981). Defendant continues to argue that his counsel's objection to the venire was sufficient. It was not as there was no showing that the under-representation resulted from the systematic exclusion of the group in the jury-selection process. We conclude that Defendant failed to meet his burden below.

In his motion to amend the docketing statement, Defendant raises a claim of ineffective assistance of counsel. In particular, he contends that trial counsel failed to pursue, through expert testimony, the defense of sexsomnia, a disorder similar to sleepwalking. As Defendant recognizes, in order for this Court to examine a claim of ineffective assistance of trial counsel, a record of the claim must have been made below. *State v. Gonzales*, 110 N.M. 218, 794 P.2d 361 (Ct. App. 1990), *aff'd*, 111 N.M. 363, 805 P.2d 630 (1991). Here, it was not. Defendant argues, however, that in certain circumstances this Court will remand for an evidentiary hearing to perfect the record. That is true, but we will remand only upon a prima facie showing of ineffective assistance of counsel. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. We do not believe that Defendant has made such a showing here.

3

"A prima facie case is made out when: (1) it appears from the record that counsel acted unreasonably; (2) the appellate court cannot think of a plausible, rational strategy or tactic to explain counsel's conduct; and (3) the actions of counsel are prejudicial." *State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (internal quotation marks and citation omitted). Defendant asserts that counsel should have developed and pursued his defense of sexsomnia, including calling an expert witness. But, we have no information about whether there is such an expert and what that expert would testify to. Contrary to *State v. Aragon*, 2009-NMCA-102, 147 N.M. 26, 216 P.3d 276, this is not a case where expert testimony was the crux of the case. Thus, we cannot assume that an expert or testimony about this disorder would have been helpful to the defense. *See Roybal*, 2002-NMSC-027, ¶ 19 (stating that when an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record, and if the facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition). It is for trial counsel to assess whether a particular expert's testimony will be helpful, and without a record of the substance of such testimony, we will not second guess counsel's decision. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 43, 130 N.M. 198, 22 P.3d 666 (stating that on appeal, we will not second guess the trial strategy and tactics of the defense counsel). There is nothing in the record before us

4

showing that it could be established that the disorder is supported by medical evidence, that Defendant suffered from this disorder, or that it would explain his actions. *See State v. Quiñones*, 2011-NMCA-018, ¶ 35, 149 N.M. 294, 248 P.3d 336.

Having concluded that Defendant has not made a prima facie claim of ineffective assistance of counsel, we deny his motion to amend the docketing statement and his request to remand the matter to the district court for hearing. Although Defendant has failed to establish a prima facie case of ineffective assistance of counsel on direct appeal, he may nevertheless pursue habeas proceedings on this issue. *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.")

For the reasons stated herein and in the calendar notice, we affirm.

**IT IS ORDERED**.

_____

**MICHAEL E. VIGIL, Judge**

5

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**