805 P.2d 630

**Roberto GONZALES, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 19125.**

Supreme Court of New Mexico.

Feb. 11, 1991.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for petitioner.

Tom Udall, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

On positive identification by an eye witness and on other circumstantial evidence, Roberto Gonzales was convicted of larceny and conspiracy to commit larceny of automobile tires. The court of appeals affirmed. We granted certiorari. At issue is an eighteen-month delay between arrest and indictment. The district court initially dismissed the indictment with prejudice under the sixth amendment right to a speedy trial and then, within thirty days, reversed itself on the State's motion for reconsideration. The court of appeals concluded the district court had not erred in reinstating the indictment and that it had applied the appropriate due process considerations in so doing. We affirm the court of appeals and comment only upon the relevant test to be applied in deciding due process questions arising out of preaccusation delay,[1] and upon application of that test to the facts of this case.

The facts are set forth in detail by the court of appeals. *State v. Gonzales*, 110 N.M. 218, 794 P.2d 361 (Ct.App.1990). We briefly summarize the salient facts. On February 17, 1986, four tires were taken from a tire store. Gonzales was arrested two days later based on a photo identification and other circumstantial evidence offered by the manager of the store. After being held for approximately twenty-one hours, he was released without bond pending further investigation. On August 13, 1987, Gonzales was indicted, and on October 14, 1987, he filed his motion to dismiss the indictment based on the preindictment delay. In his motion Gonzales stated that three alibi witnesses had died since his arrest. As described above, the motion ultimately was denied. A jury convicted

Gonzales of larceny and conspiracy to commit larceny.

The court of appeals properly distinguished the fourteenth and fifth amendment due process analysis applicable to preaccusation delay from the sixth amendment speedy trial analysis. The court identified a lack of consensus in the state and federal courts concerning the appropriate due process analysis for preaccusation delay. Nevertheless, the court found that because none of the relevant tests were satisfied, a choice between the tests was not necessary in order to resolve the appeal. We believe it in the interest of good judicial administration to make that choice clear.

While the statutes of limitation provide the primary protection against delay-induced prejudice, *United States v. Ewell*, 383 U.S. 116, 122, 86 S.Ct. 773, 777, 15 L.Ed.2d 627 (1966), the United States Supreme Court has held that the due process clause of the fifth amendment provides additional, albeit limited, protection against improper preaccusation delay. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In *Lovasco*, the Court established a two-part inquiry focusing on both defense prejudice and prosecutorial motive. The Court, however, offered no guidance concerning distribution of the burden of proof, and since then has not returned to the issue of preaccusation delay. The state courts and lower federal courts have allocated the burdens in diverse ways.

Some courts have adopted a conjunctive, two-pronged test requiring the defendant to prove both substantial prejudice and intentional delay by the state to gain a tactical advantage. *See, e.g., United States v. Carlock*, 806 F.2d 535, 549 (5th Cir.1986) (defendants must show that the delay caused them actual and substantial prejudice and that the government intentionally

1. We frame the legal question in this case using the term "preaccusation delay" rather than "preindictment delay" because indictment is but one way in which a person is charged in our criminal system.

delayed the indictment to gain a tactical advantage); *United States v. Williams*, 738 F.2d 172, 175 n. 1 (7th Cir.1984) (same). A second line of cases maintains that once the defendant establishes prejudice, the burden shifts to the government to show legitimate reasons for delay. *See, e.g., United States v. Solomon*, 688 F.2d 1171, 1179 (7th Cir.1982) (court will balance reasons asserted by government against prejudice shown by defendant); *United States v. King*, 593 F.2d 269, 272 (7th Cir.1979) (same). Yet a third line of authority endorses a balancing approach only after the defendant has made a prima facie showing of delay-related prejudice and impermissible reasons for the delay. *See United States v. Comosona*, 614 F.2d 695, 697 (10th Cir.1980).

■ We adopt a two-prong test requiring a defendant to prove prejudice and an intentional delay by the state to gain a tactical advantage. We believe this test best comports with the position of the United States Supreme Court as articulated in *Lovasco* and *Marion*.

The Supreme Court and the lower courts have employed, on different occasions, the terms "substantial" and "actual" to describe the required showing of prejudice. *Compare Marion*, 404 U.S. at 324, 92 S.Ct. at 465 (substantial and actual prejudice) *and Stoner v. Graddick*, 751 F.2d 1535, 1541 (11th Cir.1985) (substantial prejudice) *with Lovasco*, 431 U.S. at 789, 97 S.Ct. at 2048 (actual prejudice) *and Howell v. Barker*, 904 F.2d 889, 894 (4th Cir.1990) (same). Rather than simply adopt a modifier—"actual" or "substantial"—to describe the prejudice prong, and leave it to the lower courts to give content to the term, we choose to describe ourselves the required prejudice showing. We think the terms "actual" and "substantial" as they have been used in the cases refer to two separate components of the prejudice showing.

■ While the term "actual prejudice" evinces a threshold of certainty, "substantial prejudice" addresses the severity of the prejudice once it has been established. Thus, the defendant must establish prejudice by more than mere conjecture: "[v]ague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient * * *; defendant must be able to show definite and not speculative prejudice, and in what specific manner missing witnesses would have aided his defense." *United States v. Jenkins*, 701 F.2d 850, 855 (10th Cir.1983). Additionally, the defendant must establish that the prejudice was more than nominal. The required showing need not rise to the level of severe prejudice, but must establish that the prejudice impacted the defense.[2]

■ We reject the language in *State v. Jojola*, 89 N.M. 489, 490, 553 P.2d 1296, 1297 (Ct.App.1976),[3] that purports to require a threshold showing by defendant of *actual* prejudice, followed by a balancing of actual prejudice against reasons for delay in order to determine the presence of the *substantial* prejudice that requires dismissal for preaccusation delay. We hold the presence of prejudice is dependent upon the adverse effect delay has had on the merits of the defendant's case in light of all the circumstances. The reasons for delay simply are not relevant to that aspect of the due process test. When prejudice is coupled with the state's intentional delay to gain a tactical advantage, due process requires dismissal of the indictment. Otherwise, the state is entitled to the preindict-

---

**2.** The State makes much of the order in which the defendant must prove prejudice and bad faith, arguing that the prejudice showing must come first. The court of appeals dismissed Gonzales' claim based upon his failure to establish bad faith. We agree with the State that the prejudice prong should be addressed first. *See United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977) (a showing of prejudice makes a due process claim ripe and concrete for adjudication). Nevertheless,

the court of appeals' approach in this case was harmless since the result reached would not have changed had the court considered the issue of prejudice prior to addressing the bad faith issue.

**3.** Additionally, we reject that part of *State v. Duran*, 91 N.M. 756, 757, 581 P.2d 19, 20 (1978), that adopts the *Jojola* standard.

ment period that the legislature, as a matter of public policy, has enunciated in the applicable statute of limitations.

In adopting the two-prong test, we are in part motivated by a desire to avoid the specter of collateral evidentiary hearings that a balancing test well may invite. Whereas a balancing test suggests the elicitation and weighing of all relevant evidence, a bad-faith test depends upon the availability to defendant of evidence of circumstances that would justify an inference the state delayed prosecution in order to gain a tactical advantage. Although perhaps difficult of discovery, this specific intent represents a categorical violation of due process. To facilitate the resolution of any such question of intent, we hold that if defendant makes a prima facie showing of prejudice and that the state knew or should have known delay was working a tactical disadvantage on defendant, then the burden of production shifts to the prosecution to articulate a legitimate reason for the delay. In that event, the defendant still may prevail upon a showing that the articulated reason was a mere pretext. *See Comosona*, 614 F.2d at 696–97 (burden of going forward with rebuttal lies with government after defendant makes a prima facie showing of delay-related prejudice and prosecutorial bad faith).[4]

Accordingly, there being no prima facie case made that the State knew or should have known delay was working a tactical disadvantage on defendant; or, if so, the defendant having stipulated that the delay was due to an overcrowded docket, any argument that such reason for delay was pretextual must fail.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

IT IS SO ORDERED.

MONTGOMERY, J., and STANLEY F. FROST, District Judge, concur.

---

4. While we endorse a shift in the burden of production, we emphasize that the ultimate burden of persuasion remains on the defendant.