**Certiorari Denied, January 10, 2011, No. 32,745**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2011-NMCA-013**

**Filing Date: November 9, 2010**

**Docket No.  29,292**

**STATE OF NEW MEXICO,**

>       **Plaintiff-Appellant,**

**v.**

**LORENZO P.,**

>       **Child-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**BUSTAMANTE, Judge.**

**{1}**     The State appeals from a district court order dismissing a delinquency petition against Child.  At issue is (1) whether the district court erred by not applying the standard set forth in *Gonzales v. State*, 111 N.M. 363, 805 P.2d 630 (1991); and (2) whether the

1

Children's Code, 1978 NMSA, §§ 32A-1-1 to 24-5 (1993, as amended through 2009), provides a basis for dismissal.[1] Because we hold that *Gonzales* applies equally to juveniles and to adults, and that the Children's Code does not authorize the dismissal, we reverse.

## I.      BACKGROUND

### A.      The Investigation

{2}      On August 12, 2007, police responded to a graffiti complaint at a grocery store in Anthony, New Mexico. By October 11, police suspected that Child was responsible for the graffiti. However, the investigator did not prepare a referral until February 28, 2008. The Sheriff's department received the referral on March 5, 2008. It mailed the referral to the juvenile probation office (JPO) the following day. The JPO received the referral on March 25. A preliminary inquiry was held on April 3, 2008, and the determination was filed on April 17. A petition against Child for criminal damage to property over $1000 was filed on May 23, 2008, approximately nine months after the incident and seven months after police initially suspected Child.

### B.      The Motion Hearings

{3}      Child filed a motion to dismiss. In it, he contended that the delay between the time of the incident and the filing of the petition violated his rights to due process as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 18 of the New Mexico Constitution. He also contended that the delay exceeded the procedural limits set forth in the Children's Code and children's court rules. During the hearing, Child suggested that prejudice existed because, due to the delay, he "might be more inclined to plea to get it over with," "his memory might not be that sharp," and "he might not think he has a case anymore." He also argued that there was prejudice because rehabilitative services would be unavailable once he turned eighteen.

{4}      In response, the State asserted that it had complied with all time limits. The State argued that the petition had been filed within the five-year statute of limitations and that all procedural deadlines in the Children's Code had been satisfied. According to the State, *Gonzales* governed the question of whether the delay violated Child's due process rights. Because Child had presented no evidence of prejudice or intent to delay, the State argued that the *Gonzales* standard had not been met and that the motion should be denied.

---

[1]Article 2 of the Children's Code is known as the Delinquency Act. Although much of this Opinion deals with the Delinquency Act, we use the short form "Children's Code" to refer to all statutes in Chapter 32A.

**{5}** The district court orally granted the motion to dismiss with prejudice. The dismissal was based on the court's finding that seven months was an unjustified delay contrary to the purposes and legislative intent behind the Children's Code. Although the court held that *Gonzales* did not apply to juveniles, it found that, since Child would soon be eighteen, he would be prejudiced by not having access to rehabilitative services.

**{6}** Subsequently, the State moved for reconsideration of the dismissal. A hearing was held at which the State presented several witnesses to explain the delay between the incident and the referral to the JPO. After hearing arguments, the court denied the motion. A written order was later entered confirming the oral order from the original hearing.

## II.    DISCUSSION

**{7}** On appeal, the State contends that the district court erred in dismissing the delinquency petition against Child because all statutory time limits were satisfied and Child was afforded due process under *Gonzales*. Child argues that the district court's ruling was correct and that *Gonzales* does not apply to juveniles. We agree with the State. Although the Children's Code does treat juveniles differently than adults, in this circumstance the Due Process Clause does not. Furthermore, we find no support for dismissal in the Children's Code.

### A.    The Delay Between the Incident and the Filing of the Petition Did Not Violate Due Process Under the Fifth and Fourteenth Amendments

**{8}** We first examine whether the preaccusation delay violated Child's due process rights. Dismissal of charges on due process grounds is reviewed de novo, deferring to the district court's findings of fact when they are supported by substantial evidence. *State v. Hill*, 2005-NMCA-143, ¶ 16, 138 N.M. 693, 125 P.3d 1175.

**{9}** As a preliminary matter, we note Child argues that Article II, Section 18 of the New Mexico Constitution provides him greater due process protection. Under our interstitial approach, the New Mexico Constitution may provide greater protection than its federal counterparts. *State v. Gomez*, 1997-NMSC-006, ¶ 20, 122 N.M. 777, 932 P.2d 1. We "may diverge from federal precedent for three reasons: a flawed federal analysis, structural differences between state and federal government, or distinctive state characteristics." *Id.* ¶ 19. The State argues that this issue was not preserved. Even assuming that the issue was preserved, Child presents no argument on appeal directed to the three permissible reasons to diverge. Accordingly, we limit our discussion to federal constitutional analysis. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [the] arguments might be.").

### 1.    Preaccusation Delays Are Subject to the Same Due Process Standards for Juveniles as for Adults

**{10}** The due process standard for preaccusation delay is set out in *Gonzales*. *See* 111 N.M. at 365, 805 P.2d at 632. At issue in that case was whether an eighteen-month delay

between arrest and indictment violated due process guarantees under the Fourteenth and Fifth Amendments to the United States Constitution. *Id.* at 364, 805 P.2d at 631. The Court held that it did not. Noting that "the due process clause of the fifth amendment provides additional, albeit limited, protection against improper preaccusation delay," the Court adopted a rule for determining when due process rights were violated. *Id.* Child argues that this rule should not apply to juveniles.

**{11}** The standard for juveniles is no lower than for adults. In the 1960s, the Supreme Court invalidated the idea, prevalent at the time, that juveniles were not entitled to the constitutional protections afforded adults. *See In re Gault*, 387 U.S. 1, 14 (1967). It reasoned that "'[n]either man nor child can be allowed to stand condemned by methods which flout constitutional requirements of due process of law,'" *id.* at 13 (quoting *Kent v. United States*, 383 U.S. 541, 601 (1966)), and that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." *Id.* The New Mexico Supreme Court discerned in both *Kent* and *Gault* "a great concern that juveniles not be denied any of the protections guaranteed to adults by the constitution." *Neller v. State*, 79 N.M. 528, 530, 445 P.2d 949, 951 (1968). These cases indicate that juveniles enjoy, at the very least, the same protections afforded to adults under the Federal Constitution. *See State v. Rudy B.*, 2010-NMSC-045, ¶¶ 55, 59, ___ N.M. ___, ___ P.3d ___ (No. 31,909, Oct. 19, 2010) ("To be sure, the Supreme Court has made clear that juvenile proceedings must meet minimum constitutional requirements[,]" but holding that a juvenile defendant is not entitled under the Sixth Amendment to a jury trial on post-trial amenability determinations that may result in an increased sentence).

**{12}** Child has not cited to any case indicating that in this context juveniles have been accorded or are due greater constitutional protection than adults. At least one circuit court has stated that in the context of preaccusation delay "[t]he due process test applies to juvenile cases." *United States v. Doe*, 149 F.3d 945, 948-49 (9th Cir. 1998) (upholding a four-year delay before indictment). This Court is not aware of any case adopting a different due process standard for juveniles. We therefore conclude that the district court erred in refusing to apply the due process standard set forth in *Gonzales*.

**2.      The Child Did Not Meet His Burden of Production Under *Gonzales***

**{13}** Having determined that the standard set out in *Gonzales* applies to juveniles as well as adults, we next examine the application of that standard. To prevail on a claim that preaccusation delay violated his rights to due process, a defendant must show both "prejudice and an intentional delay by the state to gain a tactical advantage." *Gonzales*, 111 N.M. at 365, 805 P.2d at 632. Prejudice must be established by more than mere conjecture, and "is dependent upon the adverse effect delay has had on the merits of the defendant's case." *Id.*

**{14}** The district court explicitly disclaimed prejudice as a basis of its ruling. However, the court discussed the issue of prejudice several times, concluding that Child was prejudiced by the delay because he would lose access to rehabilitative services upon turning eighteen. To avoid further delay, and because the record on this issue was fully developed, we now

4

hold that Child's due process rights were not violated by the delay in referring his case to probation services.

**{15}**     The district court's conclusion that it could not rehabilitate juveniles after they reached majority was incorrect. The Children's Code explicitly allows dispositions and sanctions to extend until a juvenile reaches the age of twenty-one. *See* § 32A-2-23 (requiring various sanctions to terminate when the juvenile reaches twenty-one years of age); *State v. Jones*, 2010-NMSC-012, ¶ 55, 148 N.M. 1, 229 P.3d 474 ("[O]ur juvenile system is not equipped to treat or rehabilitate an individual over the age of [twenty-one]."); *State v. Jose S.*, 2007-NMCA-146, ¶ 22, 142 N.M. 829, 171 P.3d 768 ("[R]emand for new hearings is complicated by the fact that [the c]hild is too old to be sentenced as a juvenile because he is twenty-one."). Child turns twenty-one in August 2011. Accordingly, in 2007, the district court had ample time to provide rehabilitation if necessary.

**{16}**     Additionally, no argument made by Child presents the type of prejudice defined in *Gonzales*. The availability of rehabilitative services does not affect the merits of a case. Similarly, any anxiety experienced by Child or his family could not affect the merits of the case. *See State v. Palmer*, 1998-NMCA-052, ¶ 7, 125 N.M. 86, 957 P.2d 71 (stating that the defendant's anxiety during the period of delay is not relevant because it does not impact his defense). Child also argued below that he *might* have been more inclined to plea, that his memory *might* not be as sharp, and that he *might* not think he has a case anymore. Attorney arguments are not evidence and cannot support a finding of prejudice. *See id.* ¶ 5 (refusing to find prejudice when arguments were not supported by evidence and the defendant had not shown that the witnesses could not have testified). Even so, the arguments proffered are the type of "mere conjecture" forbidden by *Gonzales*, 11 N.M. at 365, 805 P.2d at 632; *see Elder v. Marvel Roofing Co.*, 74 N.M. 357, 360, 393 P.2d 463, 466 ("A bare possibility, unsupported by the evidence, [amounts] to nothing more than pure speculation and conjecture.").

**{17}**     We therefore conclude that Child failed to meet his burden of demonstrating prejudice under *Gonzales*. Without prejudice, we need not reach the issue of intent to delay, and we conclude that there was no violation of Child's due process rights.

**B.      No Statutory Support Exists for Dismissal**

**{18}**     We now turn to whether there was a statutory basis for the dismissal. Child suggests that the dismissal was justified under Section 32A-2-2 of the Children's Code. In examining whether the Children's Code supports a dismissal, we look first to its plain language. *See In re Jade G.*, 2001-NMCA-058, ¶ 16, 130 N.M. 687, 30 P.3d 376.

**{19}**     Our examination of the Children's Code reveals no authority for dismissal due to preaccusation delay. Instead, dismissal is reserved for successful completion of time waivers, Section 32A-2-7(G), failure to prove delinquency, Section 32A-2-16, incompetence of the child, Section 32A-2-21, or certain duplicate proceedings, Section 32A-2-22. In addition, if a child is not in custody or detention, dismissal is forbidden for failure to file a petition within sixty days of preliminary inquiry unless there is a showing of prejudice to the

5

child. *See* § 32A-2-7(D). None of these statutory sections apply to a delay prior to referral to probation services, and no other provision of the Children's Code addresses such a delay.

**{20}** This Court has declined to read in the "extreme remedy" of dismissal where it is not explicitly conferred by the Children's Code. *See Jade G.*, 2001-NMCA-058, ¶ 20 ("[T]he [L]egislature would have clearly provided for such a significant and extreme remedy in the Children's Code if it had intended the children's court to possess such power."). In particular, we have rejected the idea that a dismissal can be supported by Section 32A-1-3, the purposes section of the Children's Code. *Id.* ¶ 19 ("The purpose provision of the [Children's] Code and its vague references to enforcement are not sufficiently clear to support a conclusion that the [Children's] Code contemplated the remedy of dismissal."). This argument applies with equal force to Section 32A-2-2. In ordering dismissal, the court below made some observations about the purposes of the Children's Code. To the extent that the district court based its dismissal on the Children's Code, it was in error.

**{21}** The Children's Code starts from the premise that juveniles have the same rights as adults. *See* § 32A-2-14(A) ("A child . . . is entitled to the same basic rights as an adult, except as otherwise provided in the Children's Code."); *see also* § 32A-1-16. The plain language of the statute contemplates that additional rights will be enacted into the Children's Code. Furthermore, this Court has recognized that "[i]n some instances, [a juvenile's rights under the Children's Code] may be broader than the rights of an adult." *Jade G.*, 2001-NMCA-058, ¶ 14. We therefore apply the statutes as written, limited only by the due process test set forth in *Gonzales*. If this is perceived as unfair, we believe that, as in *Jones*, "the legislative scheme of the Delinquency Act bear[s] much of the fault." 2010-NMSC-012, ¶ 56.

**{22}** Because the Legislature has not provided otherwise, the statute of limitations applies. "[S]tatutes of limitation provide the primary protection against delay-induced prejudice." *Gonzales*, 111 N.M. at 364, 805 P.2d at 631. Here, a complaint for property damage exceeding $1000 was filed within a year of the incident. This was well within the five-year limit prescribed by the statute of limitations for this crime. *See* NMSA 1978, § 30-15-1 (1963) (defining property damage over $1000 as a fourth degree felony); NMSA 1978, § 30-1-8(B) (1997) (amended 2009) (providing a five-year statute of limitations for fourth degree felonies). Thus, the delay of seven months violated neither the Children's Code nor the applicable statute of limitations. We therefore conclude that there was no statutory basis for the dismissal below.

## III. CONCLUSION

**{23}** For the foregoing reasons, we reverse the order granting dismissal and remand for further proceedings consistent with this opinion.

**{24}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

6

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**


**Topic Index for** _State v. Lorenzo P._**, Docket No. 29,292**

| **CD** | **CHILDREN** |
| --- | --- |
| CD-CC | Children's Code |

| **CA** | **CRIMINAL PROCEDURE** |
| --- | --- |
| CA-DC | Dismissal of Charges |
| CA-DU | Due Process |
| CA-TL | Time Limitations |

| **CT** | **CONSTITUTIONAL LAW** |
| --- | --- |
| CT-DP | Due Process |