This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                    NO.  32,826

**ALEX S.,**

Child-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     The district court dismissed a petition charging Alex S. (Child) with various criminal offenses on the ground that the petition was untimely filed. The State appeals. We conclude that Child failed to demonstrate that the untimely filed petition resulted in material prejudice to him and reverse.

**BACKGROUND**

{2}     The facts on which this case turns are as follows. After receiving a referral from the Hobbs police department alleging that Child was delinquent, the Children, Youth and Families Department (the Department) conducted a preliminary inquiry into the allegations on April 3, 2012. *See* NMSA 1978, § 32A-2-7(A) (2005) (requiring a preliminary inquiry); Rule 10-211(A) NMRA (same). Ninety-four days later, on July 6, 2012, a children's court attorney filed a petition charging Child with possession of marijuana or synthetic cannabinoids, unlawful carrying of a handgun by a person under the age of nineteen, and possession of drug paraphernalia. The Children's Code requires that, when a child is not in detention, the petition must be filed within sixty days after the preliminary inquiry. *See* § 32A-2-7(D). Hence, the petition was filed thirty-four days beyond the time limit set by statute.

{3}     Although the petition was filed, Child alleges that neither he nor his parents received notice of it. The record indicates that the State attempted to serve a summons on Child and his parents for hearings on July 16, 2012 and July 30, 2012, but that

2

none of the summons were actually served. The State submitted an affidavit for a bench warrant, stating that Child had failed to appear for the July 30 hearing and that Child was aware of the charges. The district court issued a bench warrant and Child was arrested several months later while in court for a different matter, then released. He was arrested again the following day on the same warrant and again released.

{4} Child moved to dismiss the petition based on the State's failure to file the petition within the statutory time limits. At the hearing on the motion, defense counsel inquired of Child whether "the fact that these charges have been pending and [Child had] to come to court on Mondays" has had any impact on Child. Child responded that he had been prevented from registering to take graduate equivalency degree (GED) practice exams. The district court granted the motion to dismiss but did not provide an explanation for doing so. The order granting the motion does not include any rationale either.

**DISCUSSION**

{5} The question on appeal is whether the district court erred in dismissing the petition. Child relies on Section 32A-2-7(D), which provides that "the petition shall be filed within sixty days of completion of the preliminary inquiry," and that "[i]f a child is not in custody or detention, a petition shall not be dismissed for failure to comply with the time limit set forth in this subsection unless there is a showing of

3

prejudice to the child." His sole argument in support of dismissal below and on appeal is that the State failed to comply with the time limits set by statute and that such failure resulted in prejudice to him in the form of anxiety, loss of rehabilitative services, and lost opportunities to register for GED practice exams. *Cf.* § 32A-2-7(C) (providing that the timing of the preliminary inquiry may be extended if an extension "is not prejudicial to the best interests of the child").

{6}     The State argues that Child failed to show that the delay in filing the petition impaired Child's defense in any way and that generalized assertions of prejudice unrelated to the defense are immaterial to the analysis of prejudice. The State relies on *State v. Lorenzo P.* and *Gonzales v. State* for the proposition that prejudice "is dependent upon the adverse effect delay has had on the merits of the defendant's case" rather than other kinds of prejudice. *Lorenzo P.*, 2011-NMCA-013, ¶ 13, 149 N.M. 373, 249 P.3d 85 (internal quotation marks and citation omitted); *accord Gonzales*, 1991-NMSC-015, ¶ 9, 111 N.M. 363, 805 P.2d 630. Thus, the parties' arguments depend on different interpretations of Section 32A-2-7(D), and the type of prejudice that must be shown to warrant dismissal. Framed this way, the issue on appeal is one of statutory construction.

{7}     We begin by examining the language of the Children's Code as it relates to dismissal of petitions. As noted, Section 32A-2-7(D) provides that "[i]f a child is not

4

in custody or detention, a petition shall not be dismissed for failure to comply with the time limit set forth in this subsection unless there is a showing of prejudice to the child." This language evinces the Legislature's desire to limit the dismissal of petitions based on untimely filing. Similarly, Rule 10-144 NMRA states that failure to meet the statutory time limits is not grounds for dismissal except in certain circumstances.

> Error or defect in any ruling, order, act or omission by the court or by any of the parties including failure to comply with time limits is not grounds for . . . dismissing an action, unless refusal to take any such action appears to the court inconsistent with substantial justice or unless these rules expressly provide otherwise.

Rule 10-144; *see State v. Stephen F.*, 2006-NMSC-030, ¶ 16, 140 N.M. 24, 139 P.3d 184 (addressing the predecessor to Rule 10-144 and stating that "[t]his rule plainly states that dismissal of charges or vacating a judgment is not warranted when the children's court 'fail[s] to comply with time limits' ").

**{8}** Reading these provisions together, we conclude that dismissal of a petition based on untimely filing is appropriate only when the movant overcomes the presumption against dismissal by demonstrating material prejudice. This reading is consistent with the purpose of the Children's Code. "The intent behind [Rule 10-144], to avoid unnecessary dismissals, is completely in step with the goals of a balanced and accountable juvenile justice system." *Stephen F.*, 2006-NMSC-030, ¶ 16.

{9}     This reading is also consistent with case law addressing prejudice in a variety of contexts.  For example, in the context of a due process challenge in children's court, the Supreme Court held that "the defendant must establish prejudice by more than mere conjecture: vague and conclusory allegations of prejudice resulting from the passage of time and the absence of witnesses are insufficient; defendant must . . . show definite and not speculative prejudice[.]" *Gonzales*, 1991-NMSC-015, ¶ 8 (alterations, internal quotation marks, and citation omitted).  "Additionally, the defendant must establish that the prejudice was more than nominal." *Id.*  Similarly, in the context of alleged speedy trial violations, our courts have held that a defendant must make "a particularized showing of prejudice" rather than demonstrate "the mere possibility of prejudice." *State v. Garza*, 2009-NMSC-038, ¶ 35, 146 N.M. 499, 212 P.3d 387 (internal quotation marks and citation omitted).  In addition, anxiety caused by delay must be more than that expected by any defendant (i.e., more than nominal) in order to be prejudicial for speedy trial purposes. *See State v. Montoya*, 2011-NMCA-074, ¶ 13, 150 N.M. 415, 259 P.3d 820 (stating that the defendant failed to show that the amount of anxiety he suffered was "undue").

{10}     Based on these principles, we conclude that we need not construe the statute further to determine what kind of prejudice must be shown under Section 32A-2-7(D) because in either case Child's assertions of prejudice are too vague and/or

6

insubstantial. Although there are no findings of fact in the record, we infer from the grant of the motion to dismiss that the district court determined that Child was prejudiced by the untimely filing of the petition. Hence, we examine the record to determine whether such a finding is supported by substantial evidence. *Cf. State v. Gonzales*, 2002-NMCA-071, ¶ 10, 132 N.M. 420, 49 P.3d 681 ("We review the dismissal of charges de novo, deferring to the trial court's findings of fact where they are supported by substantial evidence."). Child maintains that he was deprived of roughly one month's worth of services that would have been available to him once the petition was filed. He provides no evidence, however, as to what kind of services might have been provided, whether any services would in fact have been offered during that time, or the impact on him of the lack of services. "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. Thus, even if the lack of services constituted the type of prejudice contemplated by the Legislature in drafting Section 32A-2-7(D), Child's showing is too speculative to constitute prejudice requiring dismissal. *Cf. Lorenzo P.*, 2011-NMCA-013, ¶ 16 (stating that "[t]he availability of rehabilitative services does not affect the merits of a case" and holding that the showing of prejudice was inadequate).

**{11}** Similarly, the fact that Child's court dates interfered with his ability to register for GED practice exams is insufficient prejudice to overcome the presumption against dismissal, not least because Child fails to explain how the State's delay in filing the petition resulted in court dates that interfered with his schedule more so than court dates resulting from a timely filed petition. Finally, to the extent Child argues that he suffered from anxiety during the delay period, we conclude that his showing was inadequate because he failed to explain how a thirty-four-day delay increased his anxiety to a level over that expected by any defendant awaiting the result of a preliminary inquiry.

**{12}** Child presented testimony at the hearing on the motion to dismiss that he had been arrested twice on the same bench warrant for failure to appear when he had not received notice of the hearings and argued in the motion that he "suffered additional prejudice in being arrested twice." He appears to have largely abandoned this argument on appeal. In any case, the legal basis of Child's motion to dismiss was the State's failure to timely file the petition and there is no evidence in the record that the arrests were a result of the delay, as opposed to faulty service of process or other causes. We therefore do not consider whether the arrests constitute prejudice to Child under Section 32A-2-7(D).

**CONCLUSION**

{13}  For the foregoing reasons, we reverse the dismissal of the petition.

{14}  **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**

9