This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38120

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JEREMIAH JIMMY APODACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Pursuant to his conditional guilty plea to possession of a weapon or explosive device by a prisoner, contrary to NMSA 1978, Section 30-22-16 (1986), Defendant appeals the district court's denial of his second or amended motion to dismiss based on the State's preaccusation delay. [DS 2-3] In this Court's notice of proposed disposition, we proposed to summarily affirm because Defendant had not argued, as he must, that the State intentionally delayed prosecution to gain a tactical advantage. Defendant filed a memorandum in opposition, in which he makes such an argument. As we explain, we are not persuaded and therefore affirm.

**{2}** "While the statutes of limitation provide the primary protection against delay-induced prejudice, the United States Supreme Court has held that the due process clause of the [F]ifth [A]mendment provides additional, albeit limited, protection against improper preaccusation delay." *Gonzales v. State*, 1991-NMSC-015, ¶ 4, 111 N.M. 363, 805 P.2d 630 (citation omitted). To establish a violation of this protection, "[f]irst, the defendant must show prejudice to his or her defense as a result of the delay and, second, the defendant must show that the state intentionally caused the delay in order to gain a tactical advantage." *State v. Palmer*, 1998-NMCA-052, ¶ 4, 125 N.M. 86, 957 P.2d 71. Regarding the second required showing, our Supreme Court stated:

> [A] bad-faith test depends upon the availability to [the] defendant of evidence of circumstances that would justify an inference the state delayed prosecution in order to gain a tactical advantage. Although perhaps difficult of discovery, this specific intent represents a categorical violation of due process. To facilitate the resolution of any such question of intent, we hold that if [the] defendant makes a prima facie showing of prejudice and that the state knew or should have known delay was working a tactical disadvantage on defendant, then the burden of production shifts to the prosecution to articulate a legitimate reason for the delay. In that event, the defendant still may prevail upon a showing that the articulated reason was a mere pretext.

*Gonzales*, 1991-NMSC-015, ¶ 10. "In determining whether a pre[accusation] delay denied [the d]efendant his right of procedural due process, we conduct an independent review of the record and the law." *Palmer*, 1998-NMCA-052, ¶ 4 (internal quotation marks and citation omitted).

**{3}** Initially, we note that Defendant did not argue in his motion to dismiss that the State intentionally delayed prosecution or that the State knew or should have known that the delay would work a tactical disadvantage on Defendant. [2 RP 300-03] Thus, the district court had no opportunity to intelligently rule on such an argument. *But see* Rule 12-321 NMRA; *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 ("In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." (internal quotation marks and citation omitted)). Defendant does not argue that any exception to the preservation requirement applies. *See generally* Rule 12-321(B)(2). Nonetheless, because Defendant did argue preaccusation delay below, we examine the second-required showing briefly. *See id.* ("This rule does not preclude a party from raising or the appellate court, in its discretion, from considering issues that by case law, statute, or rule may be raised for the first time on appeal.").

**{4}** In Defendant's memorandum in opposition, he argues that he "carried this prima facie burden at trial." [MIO 9] Defendant argues that "[h]e established, and the trial court agreed, that the State had a duty to preserve evidence in this case" and that "[t]he State certainly should have known that the loss of evidence worked to tactically disadvantage

[Defendant]'s defense." [MIO 9] The "evidence" to which Defendant refers appears to be "[v]ideos of not only what drew Sergeant [Billy] Slape's attention to the bathroom (where [D]efendant was ultimate1y searched) but also of the search of the prison to check on jackets in the possession of inmates." [DS 4] Initially, we note that Defendant does not explicitly argue that the State's failure to preserve this evidence was caused by any preaccusation delay, and we do not make such an assumption. Defendant does not argue that the State improperly deprived him of evidence, an argument which would be analyzed differently. *See State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680. Having failed to establish that the evidence disappeared because of the State's delay, the absence of the evidence does not establish that the State knew or should have known that *delayed indictment*—as opposed to, for example, simply destroying the evidence or causing its unavailability in some other way—would tactically disadvantage Defendant.

**{5}** Even if we assume the delay caused the video's unavailability, Defendant fails to establish that such unavailability worked to Defendant's tactical disadvantage. Defendant refers to two videos: one of the hallway outside the bathroom and one of the search of the prison to check inmates' jackets. [DS 4] The record only supports the existence at any time of one of these videos. The State acknowledged that there was, at one time, video of the hallway outside the bathroom, but it said that "that's all that would be shown." [2 RP 414 1:13:55 PM; 1:24:03 PM] The State stated that prison personnel do not have body cameras. [2 RP 414 1:25:28 PM] The existence at any time of video of the search of the inmates' jackets thus appears to be speculation on the part of defense counsel—speculation that does not establish a tactical disadvantage of which the State knew or should have known. *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *see also Elder v. Marvel Roofing Co.*, 1964-NMSC-152, ¶ 9, 74 N.M. 357, 393 P.2d 463 ("A bare possibility, unsupported by the evidence[,] would amount to nothing more than pure speculation and conjecture[,] which cannot be made the basis for an inference of fact." (citation omitted)); *cf. State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (stating that we do not reweigh the evidence or substitute our judgment for that of the fact-finder).

**{6}** Regarding the hallway video, it is unclear how Defendant believes its unavailability put Defendant at a tactical disadvantage. Defendant's position at trial—that the jacket with the weapons was not his—acknowledged that Defendant was caught wearing the jacket. [DS 4; RP 301 ¶ 4] Defendant does not specify what he expected the video to show. Therefore, Defendant does not make a prima facie case that this video's absence worked a tactical disadvantage on his defense or that the State knew or should have known of such a disadvantage. *See Gonzales*, 1991-NMSC-015, ¶ 10; *see also Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted)).

**{7}** Defendant further argues that he "established that eyewitnesses could not be found due to the passage of time." [MIO 9] Defendant appears to refer to three other

inmates that were with him when he was caught with the weapon. [2 RP 300 ¶¶ 2-3; 301 ¶ II] However, Defendant's argument below was: "The defendant has three potential witnesses he could call on his behalf. At least two of the three other men have been released and are not on probation. They cannot be easily located." [2 RP 301 ¶ II] Defendant went on to state that "[t]wo of the three men who could provide testimony have been released from custody and Defendant has no information as to where they can be found." [2 RP 302] This argument, even if accepted, would not "establish" that the witnesses could not be found, much less that the State knew or should have known that they could not be found. *See Gonzales*, 1991-NMSC-015, ¶ 10. Further, Defendant does not indicate what he expected the inmates' testimony to be. Because Defendant did not argue below that he was unable to find these potential witnesses, and because he does not explain on appeal how the absence of their testimony worked a tactical disadvantage on him of which the State knew or should have known, the absence of this testimony does not constitute a prima facie case that the State intentionally delayed prosecution. *See id.*

{8}      Finally, Defendant argues that "[t]he delay also disadvantaged [Defendant]'s defense to the extent he was incarcerated longer than he otherwise would have been, was more likely to accept a plea, and ultimately faced a sentence of nine years which he then only began serving over three years after the 2016 offense." [MIO 9-10] This Court has rejected a child's similar suggestion that, due to the state's delay in filing a delinquency petition, the child "might be more inclined to plea to get it over with[.]" *State v. Lorenzo P.*, 2011-NMCA-013, ¶ 3, 149 N.M. 373, 249 P.3d 85 (internal quotation marks omitted). We reasoned that such an argument by counsel was not prejudice, but rather mere conjecture. *Id.* ¶ 16. Likewise, Defendant's argument, here, that the length of the delay meant he was more likely to accept a plea, is mere conjecture and does not amount to a tactical disadvantage of which the State knew or should have known. *See Gonzales*, 1991-NMSC-015, ¶ 10; *State v. Cordova*, 2014-NMCA-081, ¶ 14, 331 P.3d 980 ("[A]rgument of counsel is not evidence."); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10; *Elder*, 1964-NMSC-152, ¶ 9.

{9}      Because Defendant fails to make a prima facie case that the State knew or should have known that delayed prosecution worked a tactical disadvantage on Defendant, the burden does not shift to the State to "articulate a legitimate reason for the delay." *See Gonzales*, 1991-NMSC-015, ¶ 10. Thus, we do not evaluate whether the State's explanation that warrants "get served as soon as possible" is legitimate. [MIO 4; RP 184] Because Defendant did not establish that the State intentionally delayed prosecution, we likewise do not address whether Defendant was prejudiced by the delay. *See Palmer*, 1998-NMCA-052, ¶ 4. Accordingly, for the reasons set forth in our proposed disposition and herein, we affirm.

{10}    IT IS SO ORDERED.

J. MILES HANISEE, Chief Judge

WE CONCUR:

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**