This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38784**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RICK G. STALLINGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Emily Tyson-Jorgenson, Assistant Attorney General
Santa Fe, NM

for Appellee

Harrison & Hart, LLC
Nicholas T. Hart
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Rick Stallings appeals his convictions for possession of methamphetamine (NMSA 1978, § 30-31-23(A) (2011, amended 2021)) and tampering with evidence (NMSA 1978, § 30-22-5 (2003)). Defendant argues: (1) he was denied counsel at trial and sentencing in violation of the Sixth Amendment to the United States Constitution; (2) preaccusation delay deprived him of due process; and (3) the district court erred by prohibiting him from participating in jury selection and exercising peremptory strikes. Defendant, who qualified for representation by a public defender, proceeded without counsel at trial. At no point prior to trial, however, did the district

court advise Defendant of his rights and the risks involved in self-representation. This, we hold, violated Defendant's Sixth Amendment right to counsel; reversal and remand for retrial is mandated. In light of our holding, we do not reach Defendant's claims of error pertaining to the jury selection process or the denial of counsel at sentencing. Finally, although we address Defendant's due process, preaccusation delay claim because, if valid, it would afford Defendant more relief, we find it to be without merit.

## DISCUSSION

**{2}** Because this is an unpublished, memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we discuss the facts only as necessary to our analysis of the issues.

## I.      Defendant Was Denied Counsel in Violation of the Sixth Amendment

**{3}** Defendant first argues he was denied his right to counsel in violation of the Sixth Amendment and that, as a result, his convictions should be reversed. Reviewing this issue de novo, *see State v. Stallings*, 2020-NMSC-019, ¶ 35, 476 P.3d 905, we agree.

**{4}** The Sixth Amendment guarantees the right to the assistance of counsel. U.S. Const. amend. VI. "The constitutional right of an indigent criminal defendant to the assistance of counsel for his defense is a fundamental right, essential to a fair trial." *Stallings*, 2020-NMSC-019, ¶ 36 (internal quotation marks and citation omitted). Our Supreme Court recently affirmed the importance of this fundamental right. The Court provided, "The presence of defense counsel is the means through which the other rights of the person on trial are secured. Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his or her ability to assert any other rights he or she may have." *State v. Cruz*, 2021-NMSC-015, ¶ 42, 486 P.3d 1 (omission, alterations, internal quotation marks, and citation omitted). A defendant need not assert this right in order to retain it. *See id.* ¶ 36. Likewise, there exists a "strong presumption against waiver of the constitutional right to counsel[.]" *Stallings*, 2020-NMSC-019, ¶ 54; *see also State v. Barela*, 2018-NMCA-067, ¶ 13, 429 P.3d 961 ("We indulge in every reasonable presumption against waiver[.]" (alteration, internal quotation marks, and citation omitted)).

**{5}** The Sixth Amendment right to counsel includes, as a corollary, the right to self-representation. *Stallings*, 2020-NMSC-019, ¶¶ 41-42; *see also State v. Garcia*, 2011-NMSC-003, ¶ 24, 149 N.M. 185, 246 P.3d 1057 ("[T]he Sixth Amendment right to assistance of counsel includes the corollary right to reject the imposition of counsel in state criminal proceedings."). These rights, however, are mutually exclusive—that is, a defendant must choose between them. *Stallings*, 2020-NMSC-019, ¶ 42. "In light of the mutual exclusivity of the two rights, courts must make a clear record prior to allowing a defendant to proceed pro se." *Id.* ¶ 43. In particular, as our Supreme Court explained in *Garcia*, "[t]hree requirements *must* be satisfied for a defendant to proceed pro se." 2011-NMSC-003, ¶ 25 (emphasis added). The defendant must: (1) "clearly and

unequivocally assert his intention to represent himself"; (2) "make [the] assertion in a timely fashion"; and (3) "knowingly and intelligently relinquish the benefits of representation by counsel." *Id.* (internal quotation marks and citations omitted)). Because all three *Garcia* factors must be satisfied before a defendant may proceed pro se at trial and the third factor plainly has not been met in this case, we limit our analysis accordingly.[1]

**{6}** As for the third *Garcia* factor, the district court and this Court cannot "presume that [a] defendant has . . . waived the right to counsel in a knowing and intelligent manner" simply because the defendant has invoked his or her right to self-representation. *Stallings*, 2020-NMSC-019, ¶ 49; *see also id.* ¶ 45 ("Once a defendant makes a clear and unequivocal statement that can reasonably be understood to invoke the right to self-representation, *the trial court has a duty to inquire further* into the defendant's waiver of the right to counsel." (emphasis added)). The district court instead "must independently ensure" that the defendant's waiver of the right to counsel is not only voluntary but also knowing and intelligent. *Id.* ¶ 50. As our Supreme Court recognized, the district court has a "'protecting duty' over the right to counsel, which imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused." *Id.* ¶ 49 (internal quotation marks and citation omitted).

**{7}** Such a determination depends, by its nature, on the particular facts and circumstances in each case, including, among other things, the background, experience, and conduct of the accused. *See id.* ¶ 50. Further, to satisfy the third *Garcia* factor, the district court must ensure on the record that the defendant "understands the rights at stake and the risks involved in pro se representation." *Stallings*, 2020-NMSC-019, ¶ 51; *see also State v. Castillo*, 1990-NMCA-043, ¶ 9, 110 N.M. 54, 791 P.2d 808 ("A showing on the record is required that a defendant who elects to conduct his own defense has some sense of the magnitude of the undertaking and the hazards inherent in self-representation."). To this end, district courts should engage in a so-called *Faretta*[2] colloquy with the defendant "that covers the full panoply of issues involved with self-representation," *Stallings*, 2020-NMSC-019, ¶ 52, as follows.

---

[1]The second *Garcia* factor (timeliness of the assertion) is not at issue. The parties dispute only the first and third *Garcia* factors. As for the first *Garcia* factor, the record reflects that Defendant took varying positions during the pendency of this case on whether to be represented by appointed counsel or to represent himself. From this, Defendant contends that he "did not clearly and unequivocally express his decision [to proceed pro se] on the record before the [district] court," while the State contends the opposite. We need not resolve this dispute because, as stated, it is not dispositive in this case. We instead assume, without deciding, that Defendant clearly and unequivocally asserted his intention to represent himself, thereby imposing on the district court a duty to inquire further before permitting Defendant to waive his right to counsel. *See Stallings*, 2020-NMSC-019, ¶ 45. To be clear, however, if Defendant did not in fact clearly and unequivocally assert his right to self-representation, as he asserts, then he could not be found to have validly waived his right to counsel; under that circumstance, permitting him to proceed pro se also would have been error. *See Garcia*, 2011-NMSC-003, ¶ 25.

[2]This nomenclature comes from the United States Supreme Court decision in *Faretta v. California*, 422 U.S. 806, 835 (1975), in which the Court first recognized a constitutional right to self-representation.

A *Faretta* colloquy should include a full explanation of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, and possible defenses or mitigating factors that might be available to the defendant. When a trial is contemplated (rather than a plea agreement), the district court should also warn the prospective pro se defendant of the following:

> (1) that presenting a defense is not a simple matter of telling one's story, but requires adherence to various technical rules governing the conduct of a trial; (2) that a lawyer has substantial experience and training in trial procedure and that the prosecution will be represented by an experienced attorney; (3) that a person unfamiliar with legal procedures may allow the prosecutor an advantage by failing to make objections to voir dire of jurors, and may make tactical decisions that produce unintended consequences; (4) that a defendant proceeding pro se will not be allowed to complain on appeal about the competency of his representation; and (5) that the effectiveness of his defense may well be diminished by his dual role as attorney and accused.

*Id.* (alterations, internal quotation marks, and citations omitted). "If a district court fails to conduct a full *Faretta* colloquy covering those topics, reviewing courts generally will find that a defendant's waiver of counsel was not knowing and voluntary." *Id.* ¶ 53.

**{8}** In this case, it appears undisputed that Defendant did not expressly waive his right to counsel. The State nonetheless contends that "Defendant's actions should be interpreted by this Court as conduct that constitutes waiver of his right to counsel." While we agree with the State that waiver by conduct is a recognized form of waiver of the right to counsel in New Mexico, *see id.* ¶ 58, the State's contention that there was waiver by conduct in this case is flawed for a couple of reasons.

**{9}** First, the State appears to contend that waiver by conduct resulted from Defendant's vacillation between, on the one hand, his expressed desire to proceed pro se and have his appointed counsel removed, and, on the other, his subsequent expressed desire to proceed with appointed counsel due to his inability to represent himself at trial. In support, the State cites *State v. Peterson*, 1985-NMCA-109, 103 N.M. 638, 711 P.2d 915. *Peterson*, and the cases cited therein, do not support the State's position. Instead, *Peterson* provides that a defendant, through vacillating statements and conduct, may waive *the right to self-representation*—not, as the State appears to assert, that a defendant may waive the right to counsel by equivocating on whether he desires to represent himself. *See id.* ¶ 9; *accord State v. Lewis*, 1986-NMCA-038, ¶ 11, 104 N.M. 218, 719 P.2d 445 ("Where an indigent defendant vacillates as to whether he desires to represent himself without benefit of court-appointed counsel, his vacillation may constitute a waiver of his right to self-representation." (citing *Peterson*, 1985-

NMCA-109)); *cf. Barela*, 2018-NMCA-067, ¶ 13 (describing the "constitutional primacy" of the right to counsel over the right to self-representation).

**{10}** The State's second argument that Defendant's actions constitute waiver by conduct fails for a more fundamental reason. Our Supreme Court recently made clear that waiver by conduct cannot be found in the absence of a proper *Faretta* colloquy. *See Stallings*, 2020-NMSC-019, ¶ 58. That is, it is the defendant's continued demands to be relieved of counsel in the face of a thorough *Faretta* colloquy that results in a knowing, intelligent, and voluntary waiver by conduct of the right to counsel. *See id.* In this case, it is undisputed that the district court did not engage in any such colloquy. The result is plain—Defendant's actions, whatever they might have been, were not effective in waiving his right to counsel. *See id.*

**{11}** In an attempt to avoid this result, the State invites us "to look[] at Defendant's experience before this particular judge as a whole" and, from this, conclude that Defendant "fully understood the pitfalls of proceeding pro se." We understand the State's argument to be that—since Defendant previously proceeded pro se in a different case before the same judge[3]—Defendant undoubtedly was aware of the dangers of self-representation. While we do not disagree that a defendant's prior experience of self-representation may be relevant in determining whether the defendant's waiver of the right to counsel is knowing, intelligent, and voluntary, *see, e.g.*, *Smith v. Maldonado*, 1985-NMSC-115, ¶ 12, 103 N.M. 570, 711 P.2d 15 (providing that "whether waiver is legally sufficient depends upon the facts and circumstances of each case, including the background, experience and conduct of the accused"), it is not clear how such prior experience would relieve the district court of its responsibility to properly advise a prospective pro se defendant, as the State seems to believe it does. *Cf. Castillo*, 1990-NMCA-043, ¶ 11 (providing, in response to the state's assertion that the defendant likely was aware of the matters covered in a *Faretta* colloquy, that this Court "will not speculate on this likelihood since the trial court failed to make any such inquiry on the record"). Indeed, given the case-specific nature of *Faretta* colloquies; the requirement that such inquiries be on the record; and the strong presumption against waiver of the right to counsel, we can hardly see how it would. *See, e.g.*, *id.*; *see also, e.g.*, *Stallings*, 2020-NMSC-019, ¶¶ 43, 50, 52; *Barela*, 2018-NMCA-067, ¶ 13; *Castillo*, 1990-NMCA-043, ¶ 9. Regardless, the State's argument on this point is woefully undeveloped and unsupported, and we decline to consider it further. *See, e.g.*, *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 ("We remind counsel that we are not required to do their research, and that this Court will not review issues raised in appellate briefs that are unsupported by cited authority." (citation omitted)); *State v. Garcia*, 2019-NMCA-056, ¶ 51, 450 P.3d 418 (providing that this Court would not develop an argument on the party's behalf).

---

[3]The State references Defendant's 2017 trial in which Defendant represented himself at trial, was convicted for first degree murder, and was sentenced to life without the possibility of parole. *See Stallings*, 2020-NMSC-019, ¶¶ 29, 32-33. Defendant's 2017 trial was the subject of the *Stallings* decision referenced throughout this opinion.

**{12}** In sum, "[t]he constitutional right to the assistance of counsel remains with an accused until it is affirmatively shown in the record that [the] defendant's right has been intelligently, understandingly and competently waived by him." *Lewis*, 1986-NMCA-038, ¶ 7. The record here contains no such waiver by Defendant. *See id.* ¶ 12 ("The trial court must place these warnings and admonitions on the record, and the record must reflect whether [the] defendant has knowingly, intelligently and competently elected to dispense with . . . counsel. In the absence of a clear showing that [the] defendant has waived his right to the assistance of counsel, the court on appeal will indulge in every reasonable presumption against the waiver of a fundamental constitutional right, and will not presume acquiescence in its loss." (citations omitted)). We, therefore, conclude that Defendant's Sixth Amendment right to counsel was violated. Because Defendant was completely deprived of counsel and this deprivation occurred at trial when guilt was determined, prejudice need not be demonstrated. *See Cruz*, 2021-NMSC-015, ¶ 41. Reversal is automatic. *See id.*

## II.     Defendant Does Not Establish a Due Process Violation From Preaccusation Delay

**{13}** Defendant next contends the district court's refusal to dismiss his charges due to preaccusation delay—the span of approximately two years and two months from the commission of the crimes to the filing of the criminal information—deprived him of due process. We affirm.

**{14}** Although a crime's statute of limitations provides the primary protection against prejudice arising from the delay between the occurrence of a crime and the filing of charges, "the due process clause of the [F]ifth [A]mendment provides additional, albeit limited, protection against improper preaccusation delay." *Gonzales v. State*, 1991-NMSC-015, ¶ 4, 111 N.M. 363, 805 P.2d 630. To establish a due process violation arising from preaccusation delay, a defendant must show (1) prejudice to the defense as a result of the delay, and (2) an intentional delay by the state to gain a tactical advantage. *Id.* ¶ 6. "[T]he presence of prejudice is dependent upon the adverse effect delay has had on the merits of the defendant's case in light of all the circumstances." *Id.* ¶ 9. The prejudice must be both "actual"—definite and not merely speculative—and "substantial"—more than nominal. *Id.* ¶ 8. In determining whether preaccusation delay denied a defendant due process, "we conduct an independent review of the record and the law." *State v. Fierro*, 2014-NMCA-004, ¶ 27, 315 P.3d 319 (internal quotation marks and citation omitted).

**{15}** In this case, Defendant alleges—without citation to evidence or further elaboration—that preaccusation delay caused him prejudice because: (1) "he was . . . forced to defend a relatively minor case for actions that were alleged to have occurred years earlier while being incarcerated on a homicide conviction"; (2) "the delay forced him to defend against this case while defending against others arising from his incarceration, while if he was timely charged, this matter could have been resolved before those charges"; and (3) he was unable "to prepare a full and complete defense, especially when [his] alleged possession of methamphetamines was mentioned in [a

separate] homicide trial and when [he] was also charged with tampering with evidence in that trial." Defendant's allegations of prejudice are purely speculative and fail to establish how, specifically, the delay hurt his defense. *See State v. Lorenzo P.*, 2011-NMCA-013, ¶ 16, 149 N.M. 373, 249 P.3d 85 (providing that a showing of prejudice not affecting the merits of the case is insufficient in this context); *see also Fierro*, 2014-NMCA-004, ¶ 28 ("[The d]efendant must be able to show definite and not speculative prejudice[.]"). Because Defendant has not established prejudice from preaccusation delay, we need not consider whether the State intentionally delayed bringing charges to gain a tactical advantage. *See Gonzales*, 1991-NMSC-015, ¶ 4. We affirm the district court's denial of Defendant's due process claim.[4]

**CONCLUSION**

**{16}**   Defendant was denied his Sixth Amendment right to counsel at trial, and we, accordingly, reverse his convictions and remand for a new trial. We affirm the district court's denial of Defendant's due process claim based on preaccusation delay. We need not, and therefore do not, address Defendant's remaining claims of error.

**{17}   IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**

---

[4]To the extent Defendant makes a separate claim that the State failed to comply with Rule 5-203(A) NMRA (joinder of offenses), we reject it as undeveloped and unsupported. *See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 ("[T]his Court has no duty to review an argument that is not adequately developed.").